239 So.2d 739 (1970)
Shirley W. GAYLE, Wife of and I. C. Gayle
v.
Harold T. PORTER, Alfred B. Hebeisen and Orleans, Parish School Board.
No. 4118.
Court of Appeal of Louisiana, Fourth Circuit.
July 6, 1970.
Rehearing Denied October 19, 1970.
Writ Refused December 14, 1970.
*740 William F. Wessel, New Orleans, for plaintiffs-appellees.
Franklin V. Endom, Jr., of Polack, Rosenberg & Rittenberg, New Orleans, for respondents-appellants.
Before REDMANN, LeSUEUR and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
The principal dispute in this litigation revolves around two statutes, namely LSA-R.S. 17:1201 and 17:1202. The former has been amended since the incidences giving rise to this case, but at that time provided:
"All teachers employed in the public schools of this state shall be entitled to and shall be allowed a minimum of ten days leave of absence, as sick leave or in case of other emergencies, per school year, without loss of pay; provided, teachers shall be allowed to cumulate any such unused sick leave to the extent of twenty-five days in any three year teaching period, and may at the option of the individual school board be allowed to cumulate any such unused sick leave without limitation; provided, further, that such cumulated sick leave shall be granted only when certified by a practicing physician, exempting only that payable under the provisions of R.S. 17:425. The parish and city school boards may grant additional sick leave, without loss of pay, or with such reduction of pay as they may establish and fix. As amended Acts 1960, No. 255, § 3." L.S.A.-R.S. 17:1201.
LSA-R.S. 17:1202 reads as follows:
"Parish school boards are prohibited from deducting any amount whatsoever from a teacher's salary, in case of absence, unless a substitute teacher was employed and actually served, during such teacher's absence; and only such amount may be deducted as was actually paid to the substitute teacher. Any teacher who suffers deduction from salary, under the provisions of this section, shall be entitled, upon request, to be furnished with the name and address of the substitute teacher. Nothing contained in this section shall be so construed as to authorize or permit any deduction from the pay of a teacher because of the employment or assignment of a substitute teacher during the minimum leave of absence period, without loss of pay, provided for, established and fixed in R.S. 17:1201."
This appeal concerns itself with the compensation rights of tenured Louisiana public school teachers who have exhausted their current and cumulated sick leave but who have been absent from their teaching duties *741 because of illness. Plaintiff-appellee Shirley W. Gayle is such a teacher in the Orleans Public School System. Her employer, the Orleans Parish School Board, deducted the sum of $87.00 from her paycheck of June 6, 1969 on account of her absence for two days because of personal illness. She, with her husband joining her as co-plaintiff filed these proceedings in the district court against her employer, its Business Manager, and its Director of Personnel seeking a Writ of Mandamus ordering defendants to correct her referred to paycheck and to furnish her with the names, addresses and amounts actually paid to substitutes hired to replace her during the two days absence.
An alternate Writ of Mandamus was issued to defendants directing them to comply with Mrs. Gayle's demands, or else show cause to the contrary on July 23, 1969. The rule was continued several times and was finally tried on October 17, 1969, on the following stipulation of facts:
1) At all times throughout, Mrs. Gayle has been and still is a teacher employed by the Orleans Parish School Board and her salary was $870.00 paid ten times a year for each twenty day pay period, or a total of $8,700.00 per year.
2) Harold T. Porter is the Business Manager of the Orleans Parish School Board and prepares and signs the paychecks for teachers in the School System. Alfred B. Hebeisen is the Director of Personnel for the Orleans Parish School Board and exercises the responsibility of furnishing pay rates and deductions for teachers' paychecks and particularly for plaintiff Gayle, for the period ending May 30, 1969. The Orleans Parish School Board is the employer of Porter and Hebeisen and is established by State law with authority to sue and be sued.
3) Mrs. Gayle exhausted her minimum ten days annual sick or emergency leave prior to May 12, 1969.
4) She was absent May 12, 1969 and May 19, 1969 because of illness which absences exceeded her minimum annual authorized leave for illness and emergency, and she had no accrued sick leave.
5) A Personnel Handbook was regularly adopted by and promulgated under the authority of the Orleans Parish School Board for administrative, professional and clerical employees of the said Board.
6) Mrs. Gayle did not request additional sick leave pursuant to Sec. 1-1-6 of the Personnel Handbook.
7) She complied with the provisions of Secs. 1-1-3 of the Personnel Handbook relative to the reporting of her personal illness on May 12th and 19th, 1969.
8) Defendant Orleans Parish School Board hired a substitute teacher on May 12, 1969 and paid her $20.00. Defendant did not hire or pay a substitute for May 19, 1969. Defendant did not furnish to plaintiff the address of or the amount paid to the substitute hired on May 12, 1969.
9) Defendant deducted $43.50 from plaintiff's paycheck for May 12th and $43.50 for May 19th, 1969, which was the full amount of plaintiff's salary for both of these days. The paycheck was dated June 6, 1969.
10) Defendants have not reissued a paycheck but Mrs. Gayle may cash the check dated June 6, 1969 with full reservation of her rights in this lawsuit.
Judgment was rendered by the lower court on October 29, 1969 ordering defendants to correct Mrs. Gayle's paycheck by replacing same or by issuing a supplemental check so as to show a deduction for the two days absence only to the extent of the amounts paid for substitute teachers and further to furnish her with the names and addresses of the substitute teachers and the amounts paid to them. Defendants applied for and were granted a new trial and *742 the matter was again heard on November 7, 1969 and new judgment rendered on December 9, 1969 to the same effect as the first judgment except that it made no mention of the names and addresses of the substitute teachers or the amount paid them. This was omitted because the defendants during the interim had voluntarily furnished this information to plaintiff.
From the trial court's judgment of December 9, 1969, defendants have appealed suspensively to this Court.
In arguing that plaintiff's mandamus suit should have been dismissed, defendants contend that the trial judge erred in the following respects:
1. In not holding that LSA-R.S. 17:1201 is exclusively applicable to this case as a special statute and in preference over LSA-R.S. 17:1202, a general statute.
2. In not finding that Mrs. Gayle failed to exhaust her administrative remedies relative to securing additional sick leave with pay pursuant to established regulations of the School Board.
3. Alternatively, in not holding that LSA-R.S. 17:1202 has been expressly and/or impliedly repealed.
Act 215 of 1940 is the source of the two statutes in question. Sections 1 and 2 thereof are now R.S. 17:1201 and 1202 respectively. The former (1201) has been amended four times since its enactment and the latter (1202) has never been amended.
Title 17 of the Louisiana Revised Statutes covers the subject of education. Part X of Chapter II restricts itself to leaves of absence for teachers, and is divided into various sub-parts covering sabbatical leaves, sick leaves, maternity leaves and military leaves. These sub-parts set out various rules and regulations concerning the particular type of leave in question. Sick leaves, the subject which we are concerned with in this case is treated under sub-part B.
We find no conflict between R.S. 17:1201 and R.S. 17:1202. The former addresses itself to the allowance of a minimum amount of sick leave to which the teacher is entitled and the latter addresses itself to the amount of deduction from wages in the event of illness. A reading of both sections together leads us to conclude that teachers are allowed at least 10 days sick leave with full pay regardless of whether a substitute teacher is hired. If the teacher is absent over 10 days for illness or other emergency then the Board may deduct only the amount that was paid to a substitute teacher if a substitute was hired. If none was hired, then there is to be no deduction. Section 1202 merely bolsters 1201 in that it prohibits the deduction from the pay of a teacher who is ill during any of the guaranteed 10 days leave provided for in Section 1201. The first part of 1202 obviously refers to a situation where a teacher is absent because of illness, beyond the guaranteed 10 days leave. It prohibits the School Board in such a case from deducting any amount from a teacher's salary in case of such absence unless a substitute teacher was employed and actually served during the teacher's absence and only such amount may be deducted as was actually paid to the substitute teacher. It would seem that Section 1202 encourages school boards to hire substitute teachers in the event of absences for illness or other emergency of the regular teacher so that the teacher's class will be taught on a regular basis without interruption. Should a teacher be absent because of sickness or other emergency and a substitute teacher be hired, the School Board is protected from having to pay out any amount over the assigned salary of the regular teacher.
Appellant suggests that Section 1201 is a special statute and Section 1202 is a general statute and that the principal dispute in this case involves a question of which statute should be applied to the facts herein. We find no merit in this contention. *743 Obviously both sections are special statutes dealing with the subject of sick leave. Section 1201 deals with the minimum amount of sick leave School Boards must give to teachers without loss of pay, but gives them the right to grant additional sick leave without such loss or with such reduction of pay as they may establish and fix, but they cannot reduce the mandatory 10 day allowance. Section 1202 specially instructs the School Board that if a substitute is hired it may deduct from the regular teacher's wages only the amount of money paid to the substitute. If no substitute is hired, the board may deduct nothing. The latter part of Section 1202 specially restricts the School Board from any deduction for absences during any of the mandatory 10 days allowance provided in Section 1201.
Appellants suggest that Mrs. Gayle, having failed to exhaust her administrative remedies relative to securing additional sick leave, is precluded from filing suit until she has done so. In that regard, School Boards under LSA-R.S. 17:81 may make such rules and regulations for their own government  as they may deem proper and are not inconsistent with law or with the regulations of the Louisiana State Board of Education. Additionally Section 1201 anticipates such a regulation by authorizing a school board to grant additional sick leave over the 10 day allowance without loss of pay or with such reduction of pay as it may establish and fix. The fact that Mrs. Gayle did not seek additional sick leave is of no moment in this case. This was a right which she had but which she did not exercise. The section from the Orleans Parish School Board Personnel Handbook (which was admitted into evidence) having to do with Board regulations concerning absences, states that employees who have used all current and accrued days for absences may apply in writing to the proper school authority requesting additional sick leave at full or partial pay. We express no opinion as to the validity of a rule making it discretionary whether to grant or refuse a sick teacher additional leave; see Section 1201 and Louisiana Constitution art. 1 § 6. But we do point out that this is not a mandatory regulation and is merely available to the teacher should he or she wish to seek additional sick leave without penalty or with less penalty than is provided for in Section 1202.
Finally, as indicated hereinabove, we see no conflict between Sections 1201 and 1202 and accordingly attach no significance to appellant's alternative argument that Section 1202 has been expressly or impliedly repealed. Furthermore repeal of a statute by implication is not favored and there is always a strong presumption to the contrary. Chappuis v. Reggie, 222 La. 35, 62 So.2d 92.
For the reasons assigned the judgment of the District Court is affirmed at appellant's cost.
Affirmed.

ON PETITION FOR REHEARING
PER CURIAM.
In a petition for rehearing the appellant points out that we assessed all costs of this appeal against it, although under LSA-R.S. 13:4521 a school board may not be required to pay court costs, with the exception of stenographers' costs for taking testimony, in any judicial proceeding. Appellant's point is well taken since there was no oral testimony in this case. We therefore amend our original decision so as to relieve the appellant of the payment of all costs, both in the district and appellate courts. Subject to this amendment, the application for rehearing is denied.