469 So.2d 363 (1985)
Ernestine Sandifor MITCHELL, Plaintiff-Appellant,
v.
Charles M. TILLMAN, et al., Defendant-Appellee. and
Frances ROBINSON, Plaintiff-Appellant,
v.
Charles M. TILLMAN, et al., Defendant-Appellee.
Nos. 16973-CA, 16974-CA.
Court of Appeal of Louisiana, Second Circuit.
May 8, 1985.
Grant & Dean by Walter C. Dunn, Jr., Monroe, for plaintiffs-appellants.
Thomas R. Cooper, Jr., Asst. Dist. Atty., Rayville, for defendant-appellee.
Before MARVIN, JASPER E. JONES and SEXTON, JJ.
JASPER E. JONES, Judge.
These consolidated cases are mandamus actions seeking to have defendants, officials of the Richland Parish School System, ordered to pay amounts allegedly due to plaintiffs who are teachers in that system. The district court rendered judgment in favor of defendants dismissing plaintiffs' demands. The plaintiffs appeal. We reverse.

The Facts
The plaintiffs are Ernestine Sandifor Mitchell and Frances Robinson. Ms. Mitchell and Ms. Robinson are teachers in the Richland Parish Schools and were so employed during the 1981-82 school year.
*364 The original defendants in these actions were Charles M. Tillman in his capacity as Superintendent of Richland Parish Schools and Fred Bamburg in his capacity as Business Manager of the Richland Parish Schools. At the time the district court decided these cases Mr. Tillman was no longer Superintendent and plaintiffs, pursuant to LSA-C.C.P. arts. 821, 806 and URCA 2-9, have substituted his successor in office, Reuben J. Hayden, as a defendant-appellee.
This controversy results from events which occurred during the 1981-82 school year.
Ms. Robinson missed nine days in excess of her accumulated sick leave during the 1981-82 school year. These absences occurred from March 24, 1982, through April 5, 1982. On April 1, 1982, Ms. Robinson requested additional sick leave. On April 14, 1982, she was advised by Superintendent Tillman that she had been granted leave without pay for the period of March 24, 1982, through April 5, 1982. A substitute teacher was employed to replace Ms. Robinson for those nine days and the substitute was paid a total of $270.00. The sum of $767.16 representing Ms. Robinson's salary for nine days was deducted from her pay. Mrs. Mitchell missed ten days in excess of her accumulated sick leave during the 1981-1982 school year. On March 3, 1982, Ms. Mitchell requested an additional ten days of sick leave. On March 10, 1982, Superintendent Tillman advised her that she had been granted leave without pay for the requested period. Ms. Mitchell took this leave beginning March 15, 1982. A substitute teacher was hired to replace Ms. Mitchell during her absence and the substitute was paid a total of $250.00. The sum of $852.40 representing her salary for ten days was deducted from Ms. Mitchell's pay.
The plaintiffs filed these actions seeking to compel defendants to issue them checks for the difference between their salaries for the days absent and the amounts actually paid to their substitutes. In Ms. Robinson's case the amount demanded is $497.16 and in Ms. Mitchell's case the amount sought is $602.40.
The defendants answered admitting the facts alleged in the petitions but denying plaintiffs were entitled to be paid any amount. The facts set out above were stipulated by the parties and the cases were consolidated and submitted for decision.
The district judge dismissed plaintiff's actions and they appealed.
The issue in this appeal is whether a school board may reduce a teacher's pay for authorized absences in excess of sick leave beyond the amount paid to a substitute employed as his replacement during such absence.
Appellants contend that under the provisions of LSA-R.S. 17:1202 their pay may be reduced by no more than the amount paid to the substitutes employed to replace them during their absence.[1] Appellees argue that under LSA-R.S. 17:1201A the school board is empowered to make an additional sick leave (sick leave not mandated by the statute) taken by a teacher leave without pay.[2]
The Fourth Circuit has twice considered this issue first in Gayle v. Porter, 239 So.2d 739 (La.App. 4th Cir.1970), writ refused, 257 La. 171, 241 So.2d 531 (1970), and again in Morial v. Orleans Parish *365 School Board, 332 So.2d 503 (La.App. 4th Cir.1976), writ refused, 337 So.2d 530 (La. 1976). On each occasion the court concluded that deductions from a teacher's pay, where she was absent beyond her sick leave, must be limited to the wages paid to a substitute. This result is mandated by the provisions of LSA-R.S. 17:1202.
Appellees contend that Gayle and Morial are unsound and should not be followed because they create the possibility of abuse by teachers. Appellees argue that the rule of those decisions allows teachers to take additional sick days without any control by school officials and with no sanction beyond the relatively small loss of income through deductions for substitute pay.
We acknowledge that it is possible that some teachers might attempt to abuse their sick leave rights, however, we think that such abuse is unlikely and we note that no evidence was presented that the problem which appellees predict has occurred in Orleans Parish where the Gayle and Morial cases arose. We also note that in any instance where an abuse of sick leave occurs the board will have recourse to the removal procedures provided in LSA-R.S. 17:443.
Appellees also argue that the Gayle and Morial decisions erroneously elevate the importance of 17:1202 contrary to the intent of the legislature. We find this argument unimpressive in light of the fact that the legislature has not seen fit to amend section 1202 in the many years that have elapsed since the Fourth Circuit decided Gayle.
We find the Gayle and Morial decisions to be sound and follow them here.[3]
For the foregoing reasons the judgment of the district court is REVERSED and the alternative Writs of Mandamus in these cases are made peremptory and defendants, Reuben J. Hayden, in his capacity as Superintendent of the Richland Parish School Board, and Fred Bamburg, in his capacity as Business Manager of the Richland Parish School Board, are ordered and directed:
I. To issue a check to Ernestine Sandifor Mitchell reimbursing her for deductions from her pay in the amount of Six Hundred Two and 40/100 ($602.40) Dollars;
II. To issue a check to Frances Robinson reimbursing her for deductions from her pay in the amount of Four Hundred Ninety-seven and 16/100 ($497.16) Dollars.
NOTES
[1] LSA-R.S. 17:1202 provides:

Parish school boards are prohibited from deducting any amount whatsoever from a teacher's salary, in case of absence, unless a substitute teacher was employed and actually served, during such teacher's absence; and only such amount may be deducted as was actually paid to the substitute teacher. Any teacher who suffers deduction from salary, under the provisions of this section, shall be entitled, upon request, to be furnished with the name and address of the substitute teacher. Nothing contained in this section shall be so construed as to authorize or permit any deduction from the pay of a teacher because of the employment or assignment of a substitute teacher during the minimum leave of absence period, without the loss of pay, provided for, established and fixed in R.S. 17:1201.
[2] LSA-R.S. 17:1201A provides:

A. (1) Every teacher and superintendent employed by any parish or city school board of this state shall be entitled to and shall be allowed a minimum of ten days absence per school year because of personal illness or because of other emergencies, without loss of pay. Any portion of such sick leave not used in any year shall be accumulated to the credit of the teacher or superintendent without limitation.
(2) When a teacher is absent for six or more consecutive days because of personal illness, he shall be required to present a certificate from a physician certifying such illness. Each parish and city school board may adopt such rules and regulations as are necessary relative to the use of such sick leave, either current or accumulated, for emergencies. The parish and city school boards may grant additional sick leave, without loss of pay, or with such reduction of pay as they may establish and fix. (emphasis added)
[3] Both appellants and appellees cite opinions of the attorney general in support of their positions. A review of those opinions shows that they are conflicting. As opinions of the attorney general are at most persuasive, Branton v. Parker, 233 So.2d 278 (La.App. 1st Cir.1970), Kidd v. Board of Trustees of Teach. Retire. Sys. of La., 294 So.2d 265 (La.App. 1st Cir.1974), writ denied, 301 So.2d 46 (La.1974), and the opinions on this issue are in conflict we do not rely upon them in this decision.