552 So.2d 460 (1989)
Beulah PIPER
v.
ORLEANS PARISH SCHOOL BOARD and New Orleans Public School.
No. 88-CA-2353.
Court of Appeal of Louisiana, Fourth Circuit.
October 12, 1989.
Writ Denied January 5, 1990.
Joseph G. Albe New Orleans, and Sidney M. Bach Back & Wasserman, Metairie, for plaintiff/appellant.
Claire Jupiter, Jefferson, Bryan, Jupiter, Lewis & Blanson, New Orleans, for defendant/appellee.
Before SCHOTT, C.J., and KLEES and LOBRANO, JJ.
LOBRANO, Judge.
Plaintiff appeals the trial court judgment which reduced the amount of pay awarded her during her disability leave with the Orleans Parish School Board. Specifically, she argues that no substitute teacher was employed and therefore there should be no deductions other than the worker's compensation paid her. Alternatively, she argues that if her replacement is construed as a "substitute" then the reduction should be only the amount provided in La.R.S. 17:1207.
*461 The issue for our review is what amount, if any, should be deducted from plaintiff's pay.
It was stipulated that plaintiff received 82 weeks of worker's compensation ending March 4, 1987, at a weekly rate of $248.00. It was also stipulated that her average weekly wage during that period was $635.60. Thus, according to La.R.S. 17:1201(D)(1)[1] the defendant school board is obligated to pay plaintiff $52,120.00 (635.60 × 82 weeks), less the compensation paid her (248.00 × 82 = 20,336) or a net of $31,784.00. However, La.R.S. 17:1202 requires that amount to be further reduced by the amount paid to a substitute teacher.[2] This net amount, referred to as "Gayle pay",[3] was determined by the trial judge by deducting the pay of another full time employee who was assigned the duties required of plaintiff's position.
In his reasons for judgment the trial court concluded plaintiff was a teacher for purposes of "Gayle pay". This finding is not contested by either party. The court also found that plaintiff had fully recovered from her disability by March 4, 1987. However, the Court also found that her position as an acting administrator was abolished on June 5, 1985, and while absent she was reassigned to her former position as a speech therapist. The School Board then assigned a full time regular employee to fill that position. Although the trial judge reasoned that no substitute was hired, he equated the already employed therapist who performed plaintiff's work as a substitute for purposes of determining "Gayle pay". Plaintiff argues this finding is erroneous, that there was in fact no substitute, and thus there should be no deduction from her benefits.
In support of her argument plaintiff urges that the intent of La.R.S. 17:1202 is not only to provide a benefit to teachers, but also to serve as an incentive to school boards to hire substitute teachers, citing Gayle, supra at fn. 2, and Morial v. Orleans Parish School Board, 332 So.2d 503 (La.App.4th Cir.1976), writ refused 337 So.2d 530. We agree.
In Gayle, supra, the court found no conflict between La.R.S. 17:1201 and R.S. 17:1202 and reached the following conclusions:
"A reading of both sections together leads us to conclude that teachers are allowed at least 10 days sick leave with full pay regardless of whether a substitute teacher is hired. If the teacher is absent over 10 days for illness or other emergency then the Board may deduct only the amount that was paid to a substitute teacher if a substitute was hired. If none was hired, then there is to be no deduction. Section 1202 merely bolsters 1201 in that it prohibits the deduction from the pay of a teacher who is ill during any of the guaranteed 10 days *462 leave provided for in Section 1201. The first part of 1202 obviously refers to a situation where a teacher is absent because of illness, beyond the guaranteed 10 days leave. It prohibits the School Board in such a case from deducting any amount from a teacher's salary in case of such absence unless a substitute teacher was employed and actually served during the teacher's absence and only such amount may be deducted as was actually paid to the substitute teacher. It would seem that Section 1202 encourages school boards to hire substitute teachers in the event of absences for illness or other emergency of the regular teacher so that the teacher's class will be taught on a regular basis without interruptions. Should a teacher be absent because of sickness or other emergency and a substitute teacher be hired, the School Board is protected from having to pay out any amount over the assigned salary of the regular teacher." Id. at 742. (emphasis added)
The reasoning of the Gayle decision was followed in Morial v. Orleans Parish School Board, supra. In that case we held that "[t]he intent of the statute is to not only provide a benefit to the teachers but to also serve as an incentive to the school boards to hire substitute teachers." Id. at 505.
We are satisfied that the legislature intended R.S. 17:1202 to serve a dual purpose. First, when a substitute teacher is hired the school board is protected from having to pay more than the full salary of the absent regular teacher, and second, the school system will maintain continuity and quality in the education of the children of this state. We believe the trial court, by finding that no substitute was hired but still allowing the school board to deduct the salary of an already employed full time teacher, defeats the legislative intent. To affirm such a ruling would discourage school boards from hiring substitute teachers and encourage overburdening regular teachers with extra responsibilities. Such a precedent was never intended by the legislature.
Despite the School Board's argument to the contrary, we find that the record does not show they carried their burden of proving that a substitute teacher within the meaning and intent of the statute was in fact hired. We do not intend to suggest that, under the correct set of facts, a school employee could never be classified as a substitute teacher. However, if such a situation arises, it would be incumbent upon the school board to carry the burden of proving that the employee fulfills the legislative intent in enacting R.S. 17:1202.
We therefore reverse the ruling of the trial court and hold that the School Board is not entitled to deduct from plaintiff's pay the amount paid to the regular teacher who was assigned plaintiff's duties. Accordingly, judgment is rendered in favor of plaintiff, Beulah Piper, and against the Orleans Parish School Board in the full sum of $31,784.00 representing $52,120.00 in sick leave pay benefits less $20,336.00 in compensation benefits, plus legal interest from judicial demand and all costs.
REVERSED AND RENDERED.
NOTES
[1] La.R.S. 17:1201(D)(1) provides:

"Any teacher or superintendent in the public schools who is injured or disabled while acting in his official capacity shall be entitled to weekly wage benefits under the worker's compensation law of the state of Louisiana and/or to sick leave benefits under Subpart B of Part X of this Chapter, at his option, but in no event shall such benefits exceed the total amount of the regular salary the teacher or superintendent was receiving at the time the injury or disability occurred.
[2] La.R.S. 17:1202 provides:

"Parish and city school boards are prohibited from deducting any amount whatsoever from a teacher's salary, in case of absence, unless a substitute teacher was employed and actually served, during such teacher's absence, and only such amount may be deducted as was actually paid to the substitute teacher. Any teacher who suffers deduction from salary, under the provisions of this Section, shall be enittled, upon request, to be furnished with the name and address of the substitute teacher. Nothing contained in this Section shall be so construed as to authorize or permit any deduction from the pay of a teacher because of the employment or assignment of a substitute teacher during the minimum leave of absence period, without loss of pay, provided for, established and fixed in R.S. 17:1201.
[3] Gayle v. Porter, 239 So.2d 739 (La.App. 4th Cir.1970), writ den. 257 La. 171, 241 So.2d 531 held that a proper interpretation of La.R.S. 17:1201 and 17:1202 required that no deductions be made from a teacher's pay during her first ten days of sick leave, but thereafter the school board may deduct the cost of a substitute teacher. Hence, the amount of pay a teacher is entitled to during absence for illness has been referred to as "Gayle pay".