627 So.2d 724 (1993)
Jacques WEAVER
v.
PLAQUEMINES PARISH SCHOOL BOARD.
No. 93-CA-0640.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1993.
Olden C. Toups, Jr., Grant & Barrow, a Professional Law Corp., Gretna, for Plaquemines Parish School Bd.
Charles M. (Larry) Samuel, III, Rosen and Samuel, New Orleans, for Jacques Weaver.
William Lurye, Robein, Urann & Lurye, P.L.C., Metairie, for Jewell Daniels and Ramona Skeen.
*725 Before KLEES and LANDRIEU, JJ., and DIXON, J. Pro Tem.
JOHN A. DIXON, Jr., Judge Pro Tem.
The issue in this appeal is whether the Plaquemines Parish School Board must pay a teacher the difference between his salary and the amount actually paid to a substitute for sick days taken in excess of the teacher's paid sick leave.
Jacques Weaver is a teacher employed by the Plaquemines Parish School Board. In the 1991-1992 school year, after using the ten days of sick leave granted to him by statute, Weaver missed an additional three and one-half days of work due to illness. The School Board did not pay Weaver his salary for the additional days missed, and denied his application for additional sick leave. Consequently, Weaver filed a mandamus action, claiming he was entitled to receive the difference between his regular pay and the amount paid to the substitute employed to replace him, for the period of time that he was absent for medical reasons beyond his accumulated sick leave days.
Two other teachers in similar situations, Ramona Skeen and Jewell Daniels, also filed mandamus actions against the School Board along with requests for a declaratory judgment on this issue. Like Weaver, Skeen applied for additional sick leave, but the School Board denied her application. Daniels never did apply for additional sick leave. Skeen and Daniels intervened in this action, and all three cases were consolidated in the Trial Court.
The Trial Court held that pursuant to La. R.S. 17:1201 and 1202, these teachers are entitled to receive the difference between their regular salary and the actual amount paid to the substitute teachers who replaced them during their absence, due to illness or other emergencies, after the teacher had exhausted all accumulated sick leave. The Court issued a writ of mandamus, compelling the School Board to pay each plaintiff the difference. The School Board appeals this ruling. We affirm.
La.R.S. 17:1201(A)(1) allows a teacher to take 10 days of sick leave each school year without any loss of pay. Section (2) of that statute permits a local school board, at its discretion, to grant more sick leave without loss of pay. Thus, La.R.S. 17:1201(A) provides in pertinent part:
A. (1) Every member of the teaching staff employed by any parish or city school board of this state shall be entitled to and shall be allowed a minimum of ten days absence per school year because of personal illness or because of other emergencies, without loss of pay. Any portion of such sick leave not used in any year shall be accumulated to the credit of the member of the teaching staff without limitation....
(2) When a member of the teaching staff is absent for six or more consecutive days because of personal illness, he shall be required to present a certificate from a physician certifying such illness. Each parish and city school board may adopt such rules and regulations as are necessary relative to the use of such sick leave, either current or accumulated, for emergencies. The parish and city school boards may grant additional sick leave, without loss of pay, or with such reduction of pay as they may establish and fix.
La.R.S. 17:1202 prohibits a school board from deducting from a teacher's pay more than the amount paid to a substitute teacher and provides in part:
Parish and city school boards are prohibited from deducting any amount whatsoever from a teacher's salary, in case of absence, unless a substitute teacher was employed and actually served, during such teacher's absence, and only such amount may be deducted as was actually paid to the substitute teacher.... Nothing contained in this Section shall be so construed as to authorize or permit any deduction from the pay of a teacher because of the employment or assignment of a substitute teacher during the minimum leave of absence period, without loss of pay, provided for, established and fixed in R.S. 17:1201.
The School Board argues that the statutes are correctly interpreted so that § 1202 applies only to situations where the Board grants additional sick leave to a teacher as *726 authorized by the last sentence of § 1201(A)(2). Thus, when the Board denies additional sick leave, § 1202 is inapplicable, and no salary is owed. This interpretation, however, conflicts with several cases from this Court and others, as well as the most recent expression from the Attorney General. See, Op.Atty.Gen. No. 92-221(A) (April 20, 1992).
In Gayle v. Porter, 239 So.2d 739 (La.App. 4th Cir.), writ refused, 241 So.2d 531 (La. 1970), the school board deducted plaintiff's total wages for sick leave days taken in excess of ten. This Court found that § 1201 and § 1202 did not conflict and held:
A reading of both sections together leads us to conclude that teachers are allowed at least 10 days sick leave with full pay regardless of whether a substitute teacher is hired. If that teacher is absent over 10 days for illness or other emergency then the Board may deduct only the amount that was paid to a substitute teacher if a substitute was hired. If none was hired, then there is to be no deduction. Section 1202 merely bolsters 1201 in that it prohibits the deduction from the pay of a teacher who is ill during any of the guaranteed 10 days leave provided for in Section 1201. Id. at p. 742.
The School Board attempts to distinguish Gayle because the teacher in that case could have applied for additional sick leave under a provision in her personnel handbook, but did not. Two of the teachers in the instant case did request additional sick leave, but the School Board denied their requests.
That a teacher may or does seek additional sick leave is irrelevant to whether the school board is allowed to deduct beyond the amount paid to a substitute teacher. § 1202 makes no distinction between situations in which additional paid sick leave is available upon request and those in which it is not available. Specifically, the Gayle court noted:
The fact that Mrs. Gayle did not seek additional sick leave is of no moment in this case. This was a right which she had but which she did not exercise. Id. at p. 743.
The Gayle case, therefore, is indistinguishable from the instant case, and its interpretation of § 1201 and § 1202 is controlling.
More recently, this Court, in St. Bernard Association of Educators, et al. v. St. Bernard Parish School Board, 619 So.2d 678 (La.App. 4th Cir.), writ denied, 625 So.2d 171 (La., Oct. 1, 1993), analyzed this issue again and followed Gayle. In that case, the parties sought a declaratory judgment interpreting a collective bargaining agreement. This Court affirmed the lower court's holding that the school board could not deduct from a teacher's salary any amount greater than the amount paid to a substitute who replaces an absent teacher who has exhausted all authorized leavethe 10 days given by statute plus 4.5 days granted by the collective bargaining agreement.
Earlier, in Morial v. Orleans Parish School Board, 332 So.2d 503 (La.App. 4th Cir.), writ refused, 337 So.2d 530 (La.1976), this Court had also followed Gayle. The School Board in the instant case attempts to distinguish Morial by arguing that in Morial, the board had granted the teacher extra sick leave, stipulating that it be without pay. The distinction is without merit. As the Morial case explained:
Appellant contends that its policy is to grant additional sick leave upon application, but, only with the understanding that the leave is to be without pay. This argument boldly denies the fact that section 1202 exists and grants benefits beyond the school board regulations. Id. at p. 506.
Hence, whether a school board has authorized additional sick leave is of no import when applying § 1202. The only question regarding application of the relevant statutes and the cases is whether the teacher was absent for medical reasons. See also, Duet v. Lafourche Parish School Board, 1993 WL 429698 (La.App. 1st Cir.1993).
The School Board argues that interpreting § 1202 to absolutely prohibit deducting any amount from a teacher's salary except that paid to a substitute ignores La.R.S. 17:1186, which provides in Section A:
Parish and city school boards throughout the state may grant leaves of absence, without pay, for periods not exceeding one *727 year, to any regularly employed teacher or other employee, who requests such leave in writing, whenever in the discretion of the board such leave is in the best interests of the public school system....
The School Board's theory that under the Trial Court's interpretation of § 1202, a teacher would have no reason to seek a leave of absence without pay, is meritless; sick leave applies only in certain situations. § 1186 is contained within a subpart of the statute involving sabbatical leaves; sick leave guidelines are contained within a separate subpart. Most important, what triggers application of § 1202, unlike § 1186, is an absence for illness or other emergencies.
The School Board also argues that the Trial Court's interpretation of the statutes raises constitutional problems by "appearing" to require donation of public funds contrary to La. Const. Art. 7, § 14. A similar argument was disposed of in Morial and in St. Bernard. In Morial, 332 So.2d at 505, this Court noted:
Obviously, the intent of the statute is to offer a fringe benefit to the teachers of this state in connection with their employment. If Appellant's argument is taken literally then all situations in which a person received pay for hours or days not actually worked would have to be struck down as unconstitutional. This would include paid vacations, minimum sick leave pay and sabbatical leave pay to name but a few. The intent of the statute is to not only provide a benefit to the teachers but to also serve as an incentive to the school boards to hire substitute teachers. We find that the payment of the amount provided in section 1202 is not a gift, but rather a legislatively created benefit, earned by virtue of the employment itself.
Here, the School Board restyles the argument, calling the right conferred by statute, a "benefit which is discretionary with the Board", instead of a gift. Relabelling what the teachers receive, however, does not strengthen the argument.
The School Board's complaint that the Trial Court's interpretation of the statutes will lead to abuse by the teachers is ill-founded. As noted in Mitchell v. Tillman, 469 So.2d 363 (La.App. 2nd Cir.1985) and St. Bernard, no such abuse has been observed, and, if abuse were to occur, the Board has dismissal procedures available to it under La.R.S. 17:443.
Finally, the School Board points out that the incentive to hire quality substitutes, which the Gayle court stated compelled its interpretation of the pertinent statutes, does not work in practice in Plaquemines Parish. Although the School Board cited numerous statistics and paints a bleak picture of the substitute teacher situation in that parish, this is an argument that is properly addressed to the legislature, not the courts.
Accordingly, the decision of the Trial Court is affirmed. All costs of this appeal are assessed to appellant.
AFFIRMED.