650 So.2d 1161 (1995)
Jean DAGENHARDT
v.
TERREBONNE PARISH SCHOOL BOARD.
No. 94-C-1672.
Supreme Court of Louisiana.
February 20, 1995.
*1162 David K. Nelson, D. Scott Landry, Glenn M. Farnet, Kean, Miller, Hawthorne, D'Armond, Baton Rouge, for applicant.
Albert H. Hanemann, Jr., David W. Arceneaux, Nicole D. Martin, Lemle & Kelleher, New Orleans, for respondent.
Alvin Bordelon, Jr., New Orleans, for St. Bernard Parish School Bd. amicus curiae.
Robert L. Hammonds, Baton Rouge, for La. School Boards Ass'n. amicus curiae.
VICTORY, Justice.[1]
We granted certiorari in this case to resolve a conflict among the circuits regarding "Gayle pay."[2] The question presented is whether LSA-R.S. 17:1201 A(2) gives a school board the discretion to deny extended sick leave to a tenured school teacher, who has exhausted her accumulated sick leave, and discontinue payment of her entire salary. We hold that LSA-R.S. 17:1202 limits a school board's discretion by prohibiting it from deducting from the teacher's salary any more than the amount actually paid to a substitute teacher during the teacher's absence.

FACTS AND PROCEDURAL HISTORY
Jean Dagenhardt was a tenured teacher employed by the Terrebonne Parish School Board (the "Board") to teach at Houma Junior High School, pursuant to a contract for the 1990-91 school year. On November 14, 1990, Dagenhardt requested maternity leave from April 2, 1991 through August 1991. The Board granted Dagenhardt's request. However, before she was able to begin her scheduled maternity leave, Dagenhardt developed medical complications from her pregnancy which necessitated her absence from work from November 17, 1990 through the remainder of the 1990-91 school year.
Dagenhardt was paid her full salary until February 25, 1991, when she exhausted all of her accumulated sick leave (52 ½ days). Thereafter, the Board granted her extended sick leave from February 25, 1991, through March 28, 1991, subject to a reduction in salary for the amount paid to a substitute teacher. Dagenhardt's second request for additional sick leave was denied by the Board on April 18, 1991, and she was not paid any salary from April 2, 1991, through the end of the 1990-91 school year. On May 7, 1991, the Board adopted a policy providing that no teachers would be granted extended sick leave.
On January 8, 1992, Dagenhardt filed suit against the Board for declaratory judgment and damages, claiming that the Board's actions violated LSA-R.S. 17:1201 A(2) and 17:1202. Agreeing that the facts were not in dispute, the parties filed cross-motions for summary judgment. The trial court granted the Board's motion for summary judgment finding that it had authority under LSA-R.S. 17:1201 A(2) to deny Dagenhardt's request for extended sick leave without salary. Overruling its prior decision in Duet v. Lafourche Parish School Board, 625 So.2d 753 (La.App. 1st Cir.1993), the Louisiana First Circuit Court of Appeal, en banc, with four Judges dissenting, affirmed the trial court's summary judgment. 92-2308 (La. App. 1st Cir. 05/20/94), 636 So.2d 1203. This Court granted certiorari. 94-1672 (La. 10/14/94), 643 So.2d 156.

DISCUSSION
Title 17 of the Louisiana Revised Statutes contains the rules and regulations governing "Education." Part X of Chapter II deals *1163 with "Leaves of Absence" for teachers, and is divided into numerous sub-parts covering such topics as, sabbatical leave, sick leave, maternity leave and military leave. Sick leave, the subject with which we are concerned, is treated under sub-part B, by LSA-R.S. 17:1201 through 1207. The particular provisions at issue are LSA-R.S. 17:1201 A(2) and 1202, which provide, in pertinent part:
§ 1201. Amount of sick leave; injury on the job.
A. (1) Every member of the teaching staff employed by any parish or city school board of this state shall be entitled to and shall be allowed a minimum of ten days absence per school year because of personal illness or because of other emergencies, without loss of pay. Any portion of such sick leave not used in any year shall be accumulated to the credit of the member of the teaching staff without limitation.... (2) When a member of the teaching staff is absent for six or more consecutive days because of personal illness, he shall be required to present a certificate from a physician certifying such illness. ... The parish and city school board may grant additional sick leave, without loss of pay, or with such reduction of pay as they may establish and fix. (Emphasis added.)
* * * * * *
§ 1202. Deduction from absent teacher's salary; limitations as to amount.
Parish and city school boards are prohibited from deducting any amount whatsoever from a teacher's salary, in case of absence, unless a substitute teacher was employed and actually served, during such teacher's absence, and only such amount may be deducted as was actually paid to the substitute teacher.... Nothing contained in this Section shall be so construed as to authorize or permit any deduction from the pay of a teacher because of the employment or assignment of a substitute teacher during the minimum leave of absence period, without loss of pay, provided for, established and fixed in R.S. 17:1201. (Emphasis added.)
These provisions were originally enacted in 1940 under Act 215 of the Louisiana legislature. The legislature's express purpose for adopting the Act was set forth in the preamble, which stated:
To provide for the granting of a minimum of ten (10) days leave of absence due to illness or other emergencies, per school year, to teachers employed in the Public Schools of this State without loss of pay; to prohibit all Parish School Boards from deducting any amount whatsoever from a teacher's salary, in case of absence, except such amount as may have actually been paid the substitute teacher as authorized and provided for, herein; and further prohibiting Parish School Boards from deducting amounts from teacher's salaries for tardiness, except as herein provided for; and to provide penalties for violation of this Act. (Emphasis added.)
The original statutory language contained in the Act provided as follows:
Section 1. Be it enacted by the Legislature of Louisiana, That all teachers employed in the Public Schools of this State shall be entitled to and shall be allowed a minimum of ten (10) days leave of absence, as sick leave or in case of other emergencies, per school year, without loss of pay. The Parish School Board may grant additional sick leave, without loss of pay, or with such reduction of pay as they may establish and fix. (Emphasis added.)
Section 2. That all Parish School Boards throughout this State are hereby prohibited from deducting any amount whatsoever from a teacher's salary, in case of absence, unless a substitute was employed and actually served, during such teacher's absence; and only such amount may be deducted as was actually paid to the substitute teacher. Any teacher who suffers deduction from salary, under the provisions of this section, shall be entitled, upon request, to be furnished with the name and address of the substituted teacher. Nothing contained in this section shall be so construed as to authorize *1164 or permit any deduction from the pay of a teacher because of the employment or assignment of a substitute teacher during the minimum leave of absence period, without loss of pay, provided for, established and fixed in Section One (1) of this Act. (Emphasis added.)
Our examination of the Preamble and the Act leads us to the conclusion that the legislature's prime motive in adopting the Act was to grant teachers a minimum of 10 days sick leave at full pay, and a minimum salary for absences thereafter of the difference between full pay and the actual cost of a substitute teacher.
Section 1 of the original Act had two purposes. First, to provide teachers with a minimum of 10 days sick or emergency leave per school year without loss of pay. Second, to authorize and encourage school boards to give teachers more sick leave, without loss of pay or with a reduction[3] in pay.
The first sentence of Section 2 of the original Act was designed to be a check on the authority granted to school boards in the last sentence of Section 1. Section 2 achieved the legislative purpose, as stated clearly in the preamble, of prohibiting school boards "from deducting any amount whatsoever from a teacher's salary, in case of absence" unless a substitute teacher was employed during that time. In those cases where a substitute was employed, the school board was authorized to deduct only the amount actually paid to the substitute teacher. There was no limiting language in this section. It applied to all absences, due to sickness or other emergencies, occurring beyond the 10 day minimum (or beyond the teacher's accumulated sick leave), regardless of whether additional sick leave was approved or denied by the school board per its authority under the last sentence of Section 1.
This reading of Sections 1 and 2 of Act 215 of 1940, and of current LSA-R.S. 17:1201 A(2) and 1202 is not unique. Until the First Circuit's ruling in this case, Louisiana's appellate courts, including the First Circuit, had consistently interpreted these statutes in a similar manner. See Weaver v. Plaquemines Parish School Board, 627 So.2d 724 (La.App. 4th Cir.1993); Duet, supra; St. Bernard Association of Educators, et al. v. St. Bernard Parish School Board, 619 So.2d 678 (La.App. 4th Cir.1993), writ denied, 625 So.2d 171 (La.1993); Piper v. Orleans Parish School Board, 552 So.2d 460 (La.App. 4th Cir.1989), writ denied, 556 So.2d 36 (La. 1990); Mitchell v. Tillman, 469 So.2d 363 (La.App. 2d Cir.1985); Morial v. Orleans Parish School Board, 332 So.2d 503 (La.App. 4th Cir.1976), writ denied, 337 So.2d 530 (La.1976); Gayle, supra.
In Gayle, supra, the first reported case, the school board deducted the teacher's total wages for sick leave days taken in excess of the minimum number of days given by statute (10 days). Interpreting LSA-R.S. 17:1201 A(1) & (2) and 1202, the court found that teachers are allowed at least 10 days sick leave with full pay regardless of whether a substitute is hired. If a teacher is absent beyond those 10 days, the school board may deduct only the amount that was paid to a substitute if one was hired.[4]
The same result was reached in Weaver, supra. There, the court found that under the statutes, the school board was required to pay a salary to a teacher, who had exhausted his 10 days of sick leave at full salary, less a deduction for the amount paid to a substitute, even though it had denied the teacher's request for additional sick leave. Similar results were reached in St. Bernard Association of Educators, et al., supra; and Morial, supra.
In Mitchell, supra, the Second Circuit expressly relied upon the Gayle and Morial decisions as sound in deciding that LSA-R.S. *1165 17:1202 prohibits a school board from reducing a teacher's pay for absences in excess of their sick leave beyond the amount paid to a substitute. Although the school board in Mitchell had granted the extended sick leave, it is clear that the Second Circuit did not consider such a distinction important in approving the reasoning of the earlier decisions of the Fourth Circuit. As further support for its decision, the Mitchell court noted that the legislature must have agreed with this interpretation of LSA-R.S. 17:1202 since it had not seen fit to amend the statute in the many years after Gayle was decided.
The appellate courts also correctly concluded that the legislative purpose for enacting LSA-R.S. 17:1202 was to: (1) provide teachers with a fringe benefit which is earned by virtue of employment; and (2) serve as an incentive for school boards to hire substitute teachers. The possibility of teacher abuse was acknowledged; however, it has been discounted because school boards have the authority to address any abuse under other provisions of the law. St. Bernard, supra; Weaver, supra; Morial, supra.
For the foregoing reasons, we hold that the law does not allow a school board the discretion to deny extended sick leave to a school teacher and discontinue payment of her salary if she has exhausted her accumulated sick leave. A school board may only reduce a teacher's salary by the actual amount paid to a substitute, for sick days taken in excess of the teacher's fully paid sick leave. This is so, even if the teacher does not request additional sick leave, or if a teacher requests it and the school board denies that request.

DECREE
For the foregoing reasons, the decisions of the trial court and the court of appeal are reversed. Summary judgment is rendered in favor of Jean Dagenhardt against the Terrebonne Parish School Board in the amount of $3,677.08 together with judicial interest thereon. Costs are assessed to the Terrebonne Parish School Board to the extent allowed by law.
REVERSED AND RENDERED.
NOTES
[1] Kimball, J., not on panel. Rule IV, Part II, § 3.
[2] Deriving its name from Gayle v. Porter, 239 So.2d 739 (La.App. 4th Cir.1970), writ denied, 257 La. 171, 241 So.2d 531 (1970), "Gayle pay" is salary paid to a teacher on extended sick leave, less the amount paid to a substitute teacher.
[3] The phrase "with such reduction in pay" indicates that the legislature did not contemplate that there would be a total elimination of pay in the event that the school board denied the teacher's request for additional sick leave. The risk of such complete elimination of pay was foreseen by the legislature, and was prohibited by LSA-R.S. 17:1202.
[4] The Board attempts to distinguish Gayle by noting that the teacher in that case did not request additional sick leave although she was provided that option by an employee handbook. LSA-R.S. 17:1202 does not require the teacher to request additional leave from the School Board.