Dear Dr. Diasselliss:
I am in receipt of your request for an Attorney General's opinion concerning the following:
 (1) The amount of time that a School Board must continue to grant a teacher sick leave and pay the teacher sick pay who is injured or disabled as a result of assault or battery by a student or person as provided in LSA-R.S. 17:1201C(1)(a). Also, if a teacher is permanently disabled or is disabled to such a degree that the teacher will not be able to perform the required duties of a teacher for any time in the foreseeable future, can the teacher be terminated should the teacher fail to resign or retire. (It is understood that the teacher is entitled to workers' compensation benefits).
 (2) The amount of time that a School Board must continue to grant a bus driver sick leave and pay the bus driver sick pay who is injured or incapacitated as a result of physical assault and battery by a student or person as provided in LSA-R.S. 17:500.1. Also, if a bus driver is permanently disabled or is disabled to such a degree that the bus driver will not be able to perform the required duties of a bus driver for any time in the foreseeable future, can the bus driver be terminated should the bus driver fail to resign or retire. (It is understood that the bus driver is entitled to workers' compensation benefits).
 (3) The amount of time a school board is required to grant extended sick leave to a teacher as provided in LSA-R.S. 17:1201A(2) and in light of Dagenhardt v. Terrebonne Parish School, 650 So.2d 1161 (La. 1995). Also, if a teacher is disabled to such a degree that the teacher will not be able to perform the required duties of a teacher for any time in the foreseeable future, can the teacher be terminated should the teacher fail to resign or retire.
In response to your first question, LSA-R.S. 17:1201C(1)(a) states the following:
 C.(1)(a) Any member of the teaching staff of the public schools who is injured or disabled while acting in his official capacity as a result of assault or battery by any student or person shall receive sick leave without reduction in pay and without reduction in accrued sick leave days while disabled as a result of such assault or battery. However, such member of the teaching staff shall be required to present a certificate from a physician certifying such injury and disability.
This statute does not indicate the length of time that a school board must continue to grant a teacher sick leave and pay the teacher sick pay who is injured or disabled as a result of assault or battery by a student or person. Please remember that LSA-R.S. 17:1201C(1)(b) provides:
 [a]ny member of the teaching staff who is acting in his official capacity and is injured or disabled as a result of physical contact with a student while providing physical assistance to a student to prevent danger or risk of injury to the student shall receive sick leave for a period up to ninety days without reduction in pay and without reduction in accrued sick leave days while injured of disabled as a result of rendering such assistance. (Emphasis added).
In Opinion No. 86-480, Attorney General William Guste addressed a similar issue. Representative Kathleen Blanco asked the following question:
 If a teacher who is injured by a student continues to be disabled or is permanently disabled from teaching, can a school board force that teacher to take a disability retirement or must the school board continue to pay the salary as prescribed in Louisiana R.S. 17:1201 Subpart C?
Attorney General Guste referred to LSA-R.S. 17:637B and C which is now LSA-R.S. 11:778B and C, but identical in text, which reads a follows:
 B. The board of trustees shall award disability benefits to eligible members who have been officially certified as disabled by the State Medical Disability Board.
 C. Upon the application of a member in service or of his employer, any member who has five or more years of creditable service may be retired by the board of trustees, not less than thirty nor more than ninety days following the date of filing such application, on a disability retirement allowance, provided that the medical board, after a medical examination of the member, certifies that the member is mentally or physically incapacitated for the further performance of the duties currently being performed, that the incapacity is likely to be total and permanent, and that the member should be retired.
As stated in paragraph C, a member of the Teacher's Retirement System or the member's employer can submit an application for a disability retirement. Opinion No. 86-480 opines that the employer of a teacher is the school board as a body and that the employer is authorized to submit an application for disability retirement even if the teacher objects thereto. (Also, see Opinion No. 83-281).
Additionally, as stated in LSA-R.S. 11:778, only the State Medical Disability Board can determine that a teacher is totally and permanently disabled or incapacitated for the further performance of his duties after a medical examination of the teacher. Opinion No. 86-480 concludes that in the case of a teacher who is determined by the school board and the Disability Board to be permanently disabled, LSA-R.S. 17:637 applies and that teacher may be retired on disability retirement. LSA-R.S.17:1201 applies to situations where the injury or disability is one that is temporary and recovery is possible.
In response to your second question, LSA-R.S. 17:500 reads as follows:
 Any school bus operator as defined in R.S. 17:500 who is injured or incapacitated in his official capacity as a result of physical assault and battery by any student or person, shall receive sick leave without reduction in pay while incapacitated as a result of such injury; provided, however, that when a school bus operator is absent for six or more consecutive days as a result of such injury or incapacitation, he shall be required to present a certificate from a physician certifying such injury or incapacitation. The sick leave authorized by this section shall be in addition to all other sick leave authorized by R.S. 17:500 provided that additional sick leave for incapacity as a result of physical assault and battery shall not be compensated for at death or retirement, or compensated for in any other manner except as authorized in this section.
A School Board must continue to grant a bus driver sick leave and pay the bus driver sick pay who is injured or incapacitated as a result of physical assault and battery by a student or person as provided in LSA-R.S. 17:500.1 when the injury or disability is one that is temporary and recovery is possible. If a bus driver is permanently disabled or is disabled to such a degree that the bus driver will not be able to perform the required duties of a bus driver for any time in the foreseeable future, the bus driver can only be removed from his position pursuant to LSA-R.S. 17:493. As provided in Section A of17:493:
 A. A permanent school bus operator shall not be removed from his position except upon written and signed charges of willful neglect of duty, or incompetence, or immorality, or drunkenness while on duty, or physical disability to perform his duties, or failure to keep his transfer equipment in a safe, comfortable, and practical operating condition, or of being a member of or contributing to any group, organization, movement, or corporation that is prohibited by law or injunction from operating in the state, and then only if found guilty after a hearing by the school board of the parish or city in which the school bus operator is employed. An additional ground for the removal from office of any permanent school bus operator shall be the abolition, discontinuance, or consolidation of routes, but then only if it is found as a fact, after a hearing by the school board of the parish or city, that it is in the best interests of the school system to abolish, discontinue, or consolidate said route or routes. (Emphasis added).
Please refer to Section B C for additional requirements and information.
Unlike the disability retirement statute for teachers that allows the school board to submit an application for disability retirement for a teacher to the State Medical Disability Board, LSA-R.S. 11:1147, which pertains to school employees, only allows a member in service, or in this situation a school bus operator, to apply for disability retirement.
In your third question, you ask about the amount of time a school board is required to grant extended sick leave to a teacher as provided in LSA-R.S. 17:1201A(2) and in light ofDagenhardt v. Terrebonne Parish School, 650 So.2d 1161 (La. 1995).
LSA-R.S. 17:1201A(2) provides the following:
 (2) When a member of the teaching staff is absent for six or more consecutive days because of personal illness, he shall be required to present a certificate from a physician certifying such illness. Each parish and city school board may adopt such rules and regulations as are necessary relative to the use of such sick leave, either current or accumulated, for emergencies. The parish and city school boards may grant additional sick leave, without loss of pay, or with such reduction of pay as they may establish and fix.
In Dagenhardt v. Terrebonne Parish School Board, 650 So.2d 1161
(La. 1995), the Louisiana Supreme Court held that the law does not allow a school board the discretion to deny extended sick leave to a school teacher and discontinue payment of her salary if she has exhausted her accumulated sick leave. The court also held that a school board may only reduce a teacher's salary by the actual amount paid to a substitute for sick days taken in excess of the teacher's fully paid sick leave. The court concluded that this is so even if the teacher does not request additional sick leave, or if a teacher requests it and the school board denies that request.
Additionally, in Attorney General Opinion No. 92-221(A), the Attorney General concluded the following in reference to this issue:
 Where a teacher is on sick leave and has exhausted all current and accumulated sick leave and the school board has not granted additional sick leave with pay, the school board may only deduct the amount of compensation paid to a substitute teacher.
Therefore a school board is required to continue paying a teacher his or her salary less the amount of compensation paid to a substitute teacher for an indefinite period of time unless the school board concludes that the teacher is permanently disabled and attempts to apply for disability retirement for the teacher. As stated in LSA-R.S. 17:637B and C and discussed in question one, a member's employer can submit an application for disability retirement to the Teacher's Retirement System. Only the State Medical Disability Board can determine that a teacher is totally and permanently disabled or incapacitated.
Also, you ask whether a teacher that is disabled to such a degree that he or she will not be able to perform the required duties of a teacher for anytime in the foreseeable future can be terminated should the teacher fail to resign or retire. Unless the State Medical Disability Board concludes the teacher is permanently disabled a teacher can not be terminated or required to resign.
I hope this opinion sufficiently addresses your concerns. Please let me know if I can be of further assistance.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________ BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc