Dear. Mr. Papale:
I am in receipt of your request for an Attorney General's opinion concerning the following:
 1) Whether a school board can refuse to pay a school bus operator (who is sick beyond ten days and provides a doctor's certificate) his full salary as long as he has accumulated sick leave, in light of the statutes, Attorney General Opinions and Dagenhardt vs. Terrebonne Parish School Board, 650 So.2d 1161 (La. 1995)?
 2) Does LSA-R.S. 17:500 and 500.2 give a school board discretion to deny extended sick leave to a tenured school bus operator who has used the 10 days allowed by statute?
 3) Can a school board discontinue payment of the bus operator's entire salary?
 4) Is a school board limited to deducting from a bus operator's salary only the amount actually paid to a substitute bus operator during the operator's absence?
 5) Can a school board pay 100% of the bus operator's salary to the substitute?
LSA-R.S. 17:500 provides the following in pertinent part concerning sick leave for school bus operators:
 * * *
 B. All school bus operators employed by the parish and the city school boards of this state shall be entitled to and shall be allowed a minimum of ten days absence per school year because of personal illness or because of other emergencies, without loss of pay. Such sick leave when not used in any year shall be accumulated to the credit of the school bus operator without limitation. Provided that when a school bus operator is absent for six or more consecutive days because of personal illness, he shall be required to present a certificate from a physician certifying such illness; provided, further, that the parish and city school board are authorized to adopt such rules and regulations as are necessary relative to the use of such sick leave, either current or accumulated, for emergencies. The parish and city school boards may grant additional sick leave, without loss of pay, or with such reduction of pay as they may establish and fix.
 * * *
 C. (1) Each substitute school bus operator, substituting for a regular school bus operator who is on sick or emergency leave, shall be paid by the employing school board a daily sum for each day's actual operation of the bus, which shall be not less than sixty-five percent of the daily rate of pay being paid the regular bus operator, to be computed by dividing the annual pay of the regular operator by the number of school days in the regularly scheduled session, exclusive of any compensation or mileage allowance for use of a privately owned bus.
 (2) (a) The provisions of this Subsection for the compensation of a substitute school bus operator are applicable and may be used only when the regular operator is on leave and is expected to return to his route.
 * * *
LSA-R.S. 17:500.2 provides the following concerning a school bus operator's salary while on leave and the deductions that are allowed to be taken:
 No city or parish school board shall deduct any amount whatsoever from the salary of a school bus operator when such operator is on approved leave unless a substitute school bus operator was employed and actually served during such school bus operator's leave, and only such amount may be deducted as was actually paid to the substitute. Any school bus operator from whose salary such deductions is made shall be entitled, upon request, to be furnished with the name and address of the substitute. Nothing contained in this Section shall be so construed as to authorize or permit any deduction from the pay of a school bus operator because of the employment or assignment of a substitute school bus operator during the minimum leave of absence period, without loss of pay, provided for, established, and fixed in R.S. 17:500.
It has been the opinion of this office that because the provisions of LSA-R.S. 17:500 through 17:500.2 dealing with school bus operators are substantially similar to the applicable statutes regarding teachers they should be analogized. (See Attorney General Opinion Nos 85-108 and 92-39).
LSA-R.S. 17:1201 states the following in pertinent part concerning the amount of sick leave members of the teaching staff are entitled to receive:
 A. (1) Every member of the teaching staff employed by any parish or city school board of this state shall be entitled to and shall be allowed a minimum of ten days absence per school year because of personal illness or because of other emergencies, without loss of pay. Any portion of such sick leave not used in any year shall be accumulated to the credit of the member of the teaching staff without limitation. However, upon initial employment a member of the teaching staff employed by a school board shall not be allowed any sick leave in a school year unless and until he reports for duty and actually performs work for the board during that school year at which time the ten days otherwise provided for in this Paragraph shall accrue.
 * * *
 (2) When a member of the teaching staff is absent for six or more consecutive days because of personal illness, he shall be required to present a certificate from a physician certifying such illness. Each parish and city school board may adopt such rules and regulations as are necessary relative to the use of such sick leave, either current or accumulated, for emergencies. The parish and city school boards may grant additional sick leave, without loss of pay, or with such reduction of pay as they may establish and fix.
LSA-R.S. 17:1202 states the following concerning deductions from an absent teacher's salary:
 Parish and city school boards are prohibited from deducting any amount whatsoever from a teacher's salary, in case of absence, unless a substitute teacher was employed and actually served, during such teacher's absence, and only such amount may be deducted as was actually paid to the substitute teacher. Any teacher who suffers deduction from salary, under the provisions of this Section, shall be entitled, upon request, to be furnished with the name and address of the substitute teacher. Nothing contained in this Section shall be so construed as to authorize or permit any deduction from the pay of a teacher because of the employment or assignment of a substitute teacher during the minimum leave of absence period, without loss of pay, provided for, established and fixed in R.S. 17:1201.
In Dagenhardt vs. Terrebonne Parish School Board, 650 So.2d 1161
(La. 1995) the Louisiana Supreme Court stated:
 For the foregoing reasons, we hold that the law does not allow a school board the discretion to deny extended sick leave to a school teacher and discontinue payment of her salary if she has exhausted her accumulated sick leave. A school board may only reduce a teacher's salary by the actual amount paid to a substitute, for sick days taken in excess of the teacher's fully paid sick leave. This is so, even if the teacher does not request additional sick leave, or if a teacher requests it and the school board denies that request.
 (Also, see Attorney General Opinion No. 92-221(A)).
Therefore, in response to your first question, a school board cannot refuse to pay a school bus operator (who is sick beyond ten days and provides a doctor's certificate) his full salary as long as he has accumulated sick leave. As indicated in LSA-R.S.17:500, sick leave when not used in any year shall be accumulated to the credit of the school bus operator without limitation.
In response to your second question, LSA-R.S. 17:500 and 17:500.2
do not give a school board discretion to deny extended sick leave to a tenured school bus operator who has used the ten days allowed by statute or any accumulated leave. As indicated inDagenhardt, the law does not allow a school board the discretion to deny extended sick leave to a school teacher and discontinue payment of her salary if she has exhausted her accumulated sick leave.
Additionally, please refer to the Family and Medical Leave Act wherein an eligible employee shall be, in certain situations, entitled to a total of 12 work weeks of leave during any 12-month period. Leave during this time period may be paid or unpaid. (See29 U.S.C.A. 2612 et seq.)
In response to your third question, the bus operator's salary can only be reduced by the actual amount paid to a substitute for sick days taken in excess of the teacher's fully paid sick leave. (See Dagenhardt, supra, and LSA-R.S. 17:500.2). LSA-R.S.17:500.C(1) states that a substitute school bus operator shall be paid by the employing school board a daily sum for each day's actual operation of the bus which shall be not less than sixty-five percent of the daily rate of pay being paid the regular bus operator. (See this section for the method of computation). LSA-R.S. 17.500.2 provides that any school bus operator whose salary has been deducted is entitled to request and be furnished with the name and address of the substitute.
In Piper v. Orleans Parish School Board, 552 So.2d 460 (4th Cir. 1989) the Court discusses the purposes of enacting LSA-R.S.17:1202 which allows for the deduction of the cost of a substitute teacher from a teacher's salary beyond the minimum or accumulated sick leave. The Court stated:
 First, when a substitute teacher is hired the school board is protected from having to pay more than the full salary of the absent regular teacher, and second, the school system will maintain continuity and quality in the education of the children of this state.
Therefore, by analogy, if the amount paid to a substitute bus operator is the operator's full salary, then this is permissible.
In response to your fourth question, a school board is limited to deducting from the bus operator's salary only the amount actually paid to a substitute bus operator during the operator's absence.
In response to your fifth question, this is addressed in our answer to question three.
Please remember that LSA-R.S. 17:500 allows parish and city school boards to grant additional sick leave, without less pay, or with such reduction of pay as they may establish and fix.
I hope this opinion sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc