332 So.2d 503 (1976)
Sybil Haydel, wife of/and Ernest MORIAL
v.
ORLEANS PARISH SCHOOL BOARD.
No. 7290.
Court of Appeal of Louisiana, Fourth Circuit.
May 18, 1976.
Rehearing Denied June 9, 1976.
Writ Refused September 24, 1976.
*504 William F. Wessel, New Orleans, for Sybil Haydel, wife of/and Ernest Morial, plaintiffs-appellees.
Franklin V. Endom, Jr., of Polack, Rosenberg, Rittenberg & Endom, New Orleans, for Drleans Parish School Bd., defendant-appellant.
Before SAMUEL, BOUTALL and BEER, JJ.
BOUTALL, Judge.
In this case the plaintiffs, Mr. and Mrs. Morial, have sued the Orleans Parish School Board for Mrs. Morial's wages as a school teacher. The trial court rendered judgment in favor of plaintiffs in the amount of $912.00. Defendant has appealed and we affirm.
The facts show that on March 27, 1972 Mrs. Morial became ill with a back problem. At that time she had accumulated seven days of sick leave. Sometime later Mrs. Morial learned that she would be unable to return to work for an indefinite period of time. She attempted to obtain a sabbatical leave but was denied this since she did not meet the proper qualifications. She then applied for and was granted a sick leave of absence until June 2, 1972, the end of the school term. Following the end of the term she resigned her position with the school board and made a demand for payment of her salary during the time she had been ill and on sick leave. The school board, following its own policy regulations denied Mrs. Morial any payment for the days she was sick past her accumulated sick leave days. Mr. and Mrs. Morial then filed suit for these wages.
*505 This case falls squarely within the provisions of LSA R.S. 17:1201-1202.[1] Section 1202 provides a formula for discovering the amount to be paid a teacher who is absent on sick leave for a period in excess of her accumulated sick leave days. Applying this formula (her salary minus substitute teacher pay) to the facts in this case results in an award to Mrs. Morial of $912.00. Appellant contests this award on several grounds.
Appellant's first argument is that LSA-R.S. 17:1202 is unconstitutional in that payment of any salary without corresponding work is actually a gift from a state subdivision to a private person, in contravention of the Louisiana Constitution of 1921, Article IV, section 12. Obviously, the intent of the statute is to offer a fringe benefit to the teachers of this state in connection with their employment. If Appellant's argument is taken literally then all situations in which a person received pay for hours or days not actually worked would have to be struck down as unconstitutional. This would include paid vacations, minimum sick leave pay and sabbatical leave pay to name but a few. The intent of the statute is to not only provide a benefit to the teachers but to also serve as an incentive to the school boards to hire substitute teachers. We find that the payment of the amount provided in section 1202 is not a gift, but rather a legislatively created benefit, earned by virtue of the employment itself.
Appellant's second argument is based on statutory interpretation. Appellant argues that section 1202 is not applicable to this case and section 1201 alone is applicable. Section 1201 requires school boards to grant a minimum of 10 days per annum sick leave and permits them to grant additional sick leave without loss of pay, or with reduction of pay as it may fix. Section 1202 prohibits any deduction *506 beyond the amount actually paid a substitute teacher. Appellant contends that its policy is to grant additional sick leave upon application, but, only with the understanding that the leave is to be without pay. This argument boldly denies the fact that section 1202 exists and grants benefits beyond the school board regulations.
In the case of Gayle v. Porter, 239 So.2d 739 (La.App. 4th Cir. 1970) this court had occasion to review a very similar situation and held that sections 1201 and 1202 should be interpreted and applied together. Historically sections 1201 and 1202 are parts 1 and 2 of Act 215 of 1940 and must be read together to gain the full intent of the legislature. School board regulations adopted pursuant to this legislative grant of authority cannot be more restrictive and grant less benefits than the minimum requirements of the legislature. In this case the teacher was granted the additional days of sick leave. Her pay cannot be reduced by the board below the standard set in Section 1202, concededly the sum of $912.00.
Plaintiffs, in their brief, have asked for frivolous appeal. Plaintiffs have neither appealed nor answered defendant's appeal and therefore this issue is not before the court. LSA-C.C.P. Art. 2133; Young v. Warner, 283 So.2d 547 (La.App. 1st Cir. 1973).
Finally, defendant is uncertain of the extent of its liability for court costs under the decree of the trial court that it is to pay all "legal costs". Legal costs include all costs legally assessable under the provisions of LSA R.S. 13:4521 and the Per Curiam in the Gayle case. This means that defendant is liable only for the cost of the transcript.
For the above reasons the judgment of the trial court is affirmed. Defendant-appellant is to pay all legal costs.
AFFIRMED.
NOTES
[1] "Section 1201. Amount of sick leave.

"A. All teachers employed by the parish and city school boards of this State shall be entitled to and shall be allowed a minimum of ten (10) days absence per school year because of personal illness or because of other emergencies, without loss of pay. Such sick leave when not used in any year shall be accumulated to the credit of the teacher or superintendent without limitation. Provided that when a teacher is absent for six or more consecutive days because of personal illness, he shall be required to present a certificate from a physician certifying such illness; provided, further that the parish and city school boards are authorized to adopt such rules and regulations as are necessary relative to the use of such sick leave, either current or accumulated, for emergencies. The parish and city school boards may grant additional sick leave, without loss of pay, or with such reduction of pay as they may establish and fix.
"B. Upon the retirement of any public school teacher or superintendent, or upon his death prior to retirement, his employer shall pay to such teacher or superintendent, or to his heirs or assigns, sick leave which has accrued to such teacher or superintendent, but which remains unused at the time of his retirement or at the time of his death if prior to retirement, not to exceed twenty-five (25) days of such unused sick leave. Such pay shall be at the rate of pay received by the teacher, or superintendent at the time of retirement or death prior to retirement; provided that any parish or city school board may pay such unused sick leave beyond twenty-five (25) days at its discretion."
Note: Section 1201 has been amended since this case arose.
"§ 1202. Deduction from absent teacher's salary; limitations as to amount
"Parish school boards are prohibited from deducting any amount whatsoever from a teacher's salary, in case of absence, unless a substitute teacher was employed and actually served, during such teacher's absence; and only such amount may be deducted as was actually paid to the substitute teacher. Any teacher who suffers deduction from salary, under the provisions of this section, shall be entitled, upon request, to be furnished with the name and address of the substitute teacher. Nothing contained in this section shall be so construed as to authorize or permit any deduction from the pay of a teacher because of the employment or assignment of a substitute teacher during the minimum leave of absence period, without loss of pay, provided for, established and fixed in R.S. 17:1201.