Dear Mr. Tate and Mr. Skelton:
We have been asked by the Louisiana Association of Educators and the Louisiana Federation of Teachers to review Opinions 83-33, 90-354, and 90-354-A. It appears that the two opinions are somewhat in conflict regarding payment of a teacher's salary when a teacher takes sick leave beyond the accumulated sick leave required by law pursuant to LSA-R.S.17:1201.
The writer reached the conclusion in 90-354, and many other opinions that teachers may not be paid when accumulated sick leave is exhausted unless the school board authorizes additional sick leave. Mr. Yeager concluded that if extended leave is granted, the full salary must continue to be paid subject only to deduction of expenses of a substitute teacher. However, he also concluded that if sick leave is not granted, then it would be a violation of La. Constitution Article VIII Section 14 (1974) to compensate an employee who is absent without leave. The writer stated that this would a prohibited donation of public funds.
The issue as we see it is whether LSA-R.S. 17:1201-1202 requires a school board to pay a teacher for sick leave beyond the minimum ten (10) days required by law, or any accumulated sick leave subject only to the deduction of the expense of a substitute teacher, unless a teacher requests pursuant to LSA-R.S. 17:1186, that the leave be without pay. LSA-R.S.17:1201(A)(1) provides in part:
 "Every member of the teaching staff employed by any parish or city school board of this state shall be entitled to and shall be allowed a minimum of ten days absence per school year because of personal illness or because of other emergencies, without loss of pay. Any portion of such sick leave not used in any year shall be accumulated to the credit of the member of the teaching staff without limitation."
LSA-R.S. 17:1201(A)(2) provides, in part:
 "Each parish and city school board may adopt such rules and regulations as are necessary relative to the use of such sick leave either current or accumulated, for emergencies. The parish and city school boards may grant additional sick leave, without loss of pay, or with such reductions, of pay as they may establish and fix."
LSA-R.S. 17:1202 is limited in its application pursuant to additional discretionary sick leave. In pertinent part, it provides:
 "Parish school boards are prohibited from deducting any amount whatsoever from a teacher's salary, in case of absence, unless a substitute teacher was employed and actually served, during such teacher's absence; and only such amount may be deducted as was actually paid to the substitute teacher. Any teacher who suffers deduction from salary, under the provisions of this section, shall be entitled, upon request, to be furnished with the name and address of the substitute teacher." (Emphasis supplied)
The writer concluded in 90-354 that "LSA-R.S. 17:1202
clearly presumes by its negative limitation of deductions from compensation `in case of absence' that if a school board grants additional discretionary sick leave, then it must pay the same salary as paid for the statutorily bestowed sick leave."
90-354 continues by saying that the converse is not true. If the leave is not previously authorized, and the School Board still pays the teacher, it would be a violation of La. Const. Art. VIII, Sect. 14, which provides that compensation to an absent employee would be a prohibited donation of public funds.
In Morial v. Orleans Parish School Board 332 So.2d 503
La.App. 4th Cir. 1976) the case upheld the payment of wages to a teacher for days she did not work because of illness as provided in LSA-R.S. 17:1201-1202. The School Board attempted to argue that LSA-R.S. 17:1202 was unconstitutional, contending it was a prohibited donation of public funds. The Court noted, "If Appellant's agreement is taken literally then all situations in which a person received pay for hours or days not actually worked would have to be struck down as unconstitutional. This would include paid vacations, minimum sick leave pay and sabbatical leave to name but a few."
The Court in Morial held LSA-R.S. 17:1202 to be constitutional. The Court continued by stating "we find that the payment of the amount provided in Section 1202 is not a gift but rather a legislatively created benefit, earned by virtue of the employment itself."
Attorney General's Opinion Number 83-33, is consistent with the ruling in Morial. In this opinion, the writer stated, "The School Board may adopt regulations granting additional leave or reduction in pay for additional leave which confers a greater benefit than that granted by LSA-R.S. 17:1202 but it may not adopt a regulation reducing the benefit granted the teacher by LSA-R.S. 17:1202."
An exception in which the school board would not pay a teacher the salary minus the cost of a substitute teacher appears in LSA-R.S. 17:1186. This statute allows for a school teacher to be granted leave of absence without pay, but only if it is requested by the teacher in writing.
Therefore, it is the opinion of this office that:
 1. A teacher is entitled to ten days leave per year for sickness or emergencies.
2. The ten days per annum must be cumulated.
 3. The School Board may grant additional leave for sickness or emergencies without loss of pay.
 4. Where a teacher is on sick leave pursuant to paragraphs 1, 2, or 3, a School Board may not deduct any amount from the teacher's salary.
 5. Where a teacher is on sick leave and has exhausted all current and accumulated sick leave and the School Board has not granted additional sick leave with pay, the School Board may only deduct the amount of compensation paid to a substitute teacher.
 6. A teacher can request leave without pay if the teacher does so in writing.
We trust this opinion has adequately answered your concerns. If you have any further questions, please contact this office.
Yours Very truly,
Richard P. Ieyoub Attorney General