Dear Mr. Deramee:
On behalf of the City Council of the City of Thibodaux, you have requested the opinion of this office regarding payment of the health insurance premiums attributable to dependents of City employees. According to your correspondence, the City Council would like to pay fifty percent of such premiums, but the Council is concerned about a possible conflict between La. Const. (1974) Art. VII, Sec. 14(A) (B) and La. R.S. 33:5151.
The pertinent provisions of Art. VII, Sec. 14(A) (B) state:
 "(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds . . . of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.
* * *
 (B) Authorized Uses. Nothing in this section shall prevent . . .(2) contributions of public funds to pension and insurance programs for the benefit of public employees; . . ." (emphasis added)
R.S. 33:5151 authorizes municipalities to obtain policies of group insurance insuring their employees and officials, and states, in section B:
 Nothing in this section or in R.S. 42:851 shall be construed to limit the contribution of a local governmental subdivision toward the payment of premiums for accident and health protection for its employees or their dependents, or both. (emphasis added)
It is the opinion of this office that the City of Thibodaux can legally pay a portion of the cost of health insurance premiums for its employee's dependents.
In Morial v. Orleans Parish School Board, 332 So.2d 503
(La.App. 4th Cir. 1976), writ denied, 337 So.2d 530 (1976), the provisions of R.S. 17:1201-1212, which provide a formula for determining the amount to be paid a teacher who is absent on sick leave for a period in excess of her accumulated sick leave days, were held constitutional as a "legislatively created benefit, earned by virtue of the employment itself."
The Morial case interpreted La. Const. (1921) Art. IV, Sec. 12, however, the Supreme Court, in City of Port Allen v. Louisiana Municipal Risk Agency, Inc., 439 So.2d 399 (La. 1983) held that the 1921 constitutional provision "was virtually identical to the present Art. VII, Sec. 14(A)." Furthermore, City of Port Allen upheld the Morial decision and distinguished it from those cases which hold that the Constitution is violated whenever the state or a political subdivision gives up something of value when it is under no obligation to do so. The Court stated, in footnote 6 of the City of Port Allen decision, that even though the teacher received pay for a period in excess of her sick leave, "this was still `earned' compensation, not a gratuity, pursuant to the legislative scheme."
In accordance with the Morial and City of Port Allen decisions, it is the opinion of this office that the provisions of R.S. 33:5151(B) do not violate La. Const. (1974) Art. VII, Sec. 14, and that the City of Thibodaux can legally pay a portion of the cost of health insurance premiums for its employee's dependents. Although such payments clearly provide a benefit to the dependents, such payments are also clearly "for the benefit of public employees" [Art. VII, Sec. 14(B)], who would otherwise have to provide for the health costs of their dependents. Such payments are also "earned compensation" pursuant to a legislative scheme.
Trusting this adequately responds to your request, I remain,
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav 0139n