619 So.2d 678 (1993)
ST. BERNARD ASSOCIATION OF EDUCATORS, et al.
v.
ST. BERNARD PARISH SCHOOL BOARD.
No. 92-CA-2173.
Court of Appeal of Louisiana, Fourth Circuit.
May 13, 1993.
William Lurye, Robein, Urann & Lurye, P.L.C., Metairie, for St. Bernard Ass'n of Educators.
Alvin J. Bordelon, Jr., Bordelon, Hamlin & Theriot, New Orleans, for St. Bernard Parish School Bd.
Before KLEES, WARD and LANDRIEU, JJ.
WARD, Judge.
The St. Bernard Association of Educators ("SBAE"), filed suit against the St. Bernard Parish School Board seeking to enforce a collective bargaining agreement. The School Board filed exceptions to SBAE's suit, and then filed a reconventional demand asking for a declaratory judgment on an issue of sick pay for teachers of St. Bernard Parish. The SBAE filed a motion to dismiss the original petition, with prejudice, and then filed an answer to the School Board's petition for a declaratory judgment. There is no issue of fact, both the School Board and SBAE desire a declaratory judgment interpreting a state statute on the issue of sick pay for teachers who are absent without authorization. C.C.P. art. 1872 permits resolution of questions pertaining to construction of contracts and statutes by means of declaratory judgments, and this dispute should be resolved by this means. The trial court rendered a judgment in favor of the SBAE, and the School Board has appealed.
In brief, LSA-R.S. 17:1201(A)(1) permits a teacher to take 10 days of sick leave each school year without loss of any pay, and (A)(2) permits a local school board to grant more sick leave without loss of pay, if it chooses. In this case, the School Board, in a collective bargaining agreement, agreed to give teachers up to 4.5 days of sick leave without loss of pay, in addition to the sick leave given by LSA-17:1201(A)(1). Also, in cases of a teacher's absence, LSA-R.S. 17:1202 prohibits a school board from deducting from a teacher's pay more that the amount paid to a substitute teacher who was employed and actually served as a replacement of the absent teacher.
Thus, in St. Bernard Parish, a teacher who has achieved the required longevity may be absent 14.5 days without loss of pay, even if a substitute teacher were employed who served in the teacher's place. Other parts of the collective bargaining agreement authorize absences in addition to the above, such as those for work related disability, and the agreement has various provisions for pay during these absences. For the purpose of this opinion we consider these absences authorized. What is at issue is unauthorized absences, those that exceed both the 10 days given by statute and those not covered by the collective bargaining agreement.
*679 Can the School Board deduct a day's pay from a teacher's salary for each day of unauthorized absence, as the School Board contends? Or only the difference between the teacher's pay and the amount paid a substitute, as the SBAE contends?
The District Court held that the School Board cannot deduct from a teacher's salary any amount greater than the amount paid to a substitute who replaces an absent teacher who has exhausted all authorized leave. The resolution of this appeal turns on the interpretation of LSA-R.S. 17:1201 and 17:1202.
LSA-R.S. 17:1201 states in relevant part:
(A)(1) Every member of the teaching staff employed by any parish or city school board of this state shall be entitled to and shall be allowed a minimum of ten days absence per school year because of personal illness or because of other emergencies, without loss of pay
. . .
(A)(2) When a member of the teaching staff is absent for six or more consecutive days because of personal illness, he shall be required to present a certificate from a physician certifying such illness. Each parish and city school board may adopt such rules and regulations as are necessary relative to the use of such sick leave, either current or accumulated, for emergencies. The parish and city school boards may grant additional sick leave, without loss of pay, or with such reduction of pay as they may establish and fix.
R.S. 17:1202 states in relevant part:
Parish and city school boards are prohibited from deducting any amount whatsoever from a teacher's salary, in case of absence, unless a substitute teacher was employed and actually served, during such teacher's absence and only such amount may be deducted as was actually paid to the substitute teacher ... Nothing contained in this section shall be so construed as to authorize or permit any deduction from the pay of a teacher for the employment or assignment of a substitute teacher during the minimum leave of absence period, without loss of pay, provided for established and fixed in R.S. 17:1201.
The School Board contends that the correct interpretation of the statutes means that 17:1202 is applicable only to those authorized absences which exceed the total of the 10 days paid sick leave authorized by statute and the additional paid sick leave authorized by the collective bargaining agreement. When a teacher's absence is unauthorized, and exceeds the above number of days, then the School Board contends a common sense interpretation means the Board can deduct a day's pay for each day's unauthorized absence, and not just the amount paid to a substitute teacher.
The SBAE argues for a literal interpretation of 17:1202, one that means that even when a teacher's absence exceeds the allotted days authorized by statute and the collective bargaining agreement, the School Board cannot ever deduct more than what is paid to a substitute who serves as a replacement.
The issue in dispute in this case has been resolved in several prior cases. For example, in Gayle v. Porter, 239 So.2d 739 (La. App. 4 Cir.1970), this court held that the two provisions were in harmony, not in conflict with each other. Id. at 742. "Section 1201 deals with the minimum amount of sick leave School Boards must give to teachers without loss of pay, but gives them the right to grant additional sick leave without such loss or with such reduction of pay as they may establish and fix, but they cannot reduce the mandatory ten day allowance. Section 1202 specifically instructs the School Board that if a substitute is hired it may deduct from the regular teacher's wages only the amount of money paid to the substitute. If no substitute is hired, the Board may deduct nothing." Id. at 743.
The School Board argues that Gayle is distinguishable because the absences in Gayle were authorized, therefore, the Orleans School Board had to pay her salary. Ms. Gayle did not receive authorized permission for her absences. This Court did not base its decision on the premise that *680 Ms. Gayle's absence was authorized, and held that even if the School Board did not authorize additional sick leave, teachers were protected by LSA-R.S. 17:1202. Id. at 743. Gayle has been accepted as controlling. See Attorney General Opinions No. 83-33 (January 18, 1983) and 84-168 (April 5, 1984).
The School Board also argues that when absences are unauthorized, any payment to a teacher without corresponding work is a gift from the state subdivision to a private person, in violation of the Louisiana Constitution. This contention was rejected in Morial v. Orleans Parish School Board, 332 So.2d 503 (La.App. 4 Cir.1976). In Morial the court rejected the contention that the payment to the teacher was a gift by asserting that the intent of the statute is to offer a fringe benefit to teachers and to provide an incentive to hire substitute teachers. It is a benefit earned by the employment itself. Id. at 505.
Next, the School Board argues that the interpretation of Section 1202 would possibly lead to teacher abuse, and to absurd conclusions. That is, a teacher could take sick leave absences periodically, making it difficult if not impossible to hire substitutes, and thus receive full pay even though absence was unauthorized. This same argument was rejected in Mitchell v. Tillman, 469 So.2d 363 (La.App. 2 Cir. 1985). In Mitchell, the Court pointed out that if there is an abuse of sick leave, the School Board can remove the abuser in accordance with LSA-R.S. 17:443. Id. at 365.
However, the School Board's interpretation of LSA-R.S. 17:1202 is significantit does not apply to unauthorized absences it only applies to authorized absences that exceed statutory and collective bargaining grants, a situation which would very likely never apply to any teacher covered by the collective bargaining agreement. Perhaps as a consequence of this reality, in its most persuasive argument, the School Board contends the collective bargaining agreement supersedes LSA-R.S. 17:1202, supra.
The collective bargaining agreement is indeed comprehensive, as the School Board contends, in regard to teacher sick leave. It provides for extended sick leave without loss of pay in some situations, for example injuries by student assaults, sick leave with reduced pay in other situations, and for temporary disability that exceeds the statutory and collective bargaining periods. Thus, the agreement gave teachers more benefits by giving additional sick leave without loss of pay.
Regardless of how comprehensive the collective bargaining agreement is, it does not state that St. Bernard teachers' renounce statutory benefits of LSA-R.S. 17:1202. In Morial, supra., this court held that LSA R.S. 17:1202 gave teachers a fringe benefit; and just because the collective bargaining agreement gives more benefits in some situations it cannot be construed as an agreement that statutory benefits will not be available in other situations. While it is true the agreement does not cover LSA R.S. 17:1202 benefits, unless the agreement shows that the SBAE renounced them, we will not interpret it to say they are not available to absences not covered by the collective bargaining agreement.
For the above reasons, the decision of the trial court is affirmed.
AFFIRMED.