Dear Mr. Gardner:
You have requested an opinion of the Attorney General regarding the legal propriety of the City of Monroe (City) paying its employees, except for those under fire and police civil service, for accrued sick leave prior to their separation from employment. You state that the City allows its employees to accrue sick leave. In an effort to discourage absenteeism, the City adopted a policy which provides that, after an employee has accrued in excess of 12 unused sick days, the employee would have the option to continue accruing all unused sick leave up to a maximum of 120 days or to receive payment for unused sick leave in excess of 12 days up to a maximum of 12 days per year. The employee receives one day's pay for 2 days of unused sick leave.
The Monroe City Counsel has implemented this procedure through the adoption of an ordinance and has included it in the "City of Monroe Employee Handbook". You ask whether this plan is permissible or whether it constitutes a prohibited donation of public funds under Article VII, Section 14 of the Louisiana Constitution of 1974.
This office previously concluded in Attorney General Opinion No. 77-1020 that a hospital service district could legally pay its Administrator and his wife, who was an employee of the district, for accrued vacation and sick leave. Therein, we held that the district could pay employees upon separation from service for accrued sick and annual leave provided that a formal policy regarding such accrual and payment was established. In other words, without the adoption of formal policies and the maintenance of records reflecting the accrual of leave, payments therefor should not be made.
Opinion No. 77-1020 was reaffirmed by Attorney General Opinion No. 80-981. At issue was whether or not a hospital service district could legally institute a program providing for payment to its employees of one-half of accrued sick leave in excess of a specified amount during their period of employment. The author noted:
 "While it is correct that Opinion No. 77-1020 dealt specifically with payment for accrued sick leave upon separation from service, we see no legal distinction between the two situations provided that a policy regarding such accrual and payment therefor was clearly established by the Board of Commissioners and any payments therefor are clearly based upon a factual determination that the leave was actually accrued and unused."
It is, therefore, the opinion of this office that the City of Monroe may implement a formal policy providing for the payment to its employees of accrued sick leave during the employment period. As previously noted, the City has apparently adopted, by ordinance, a formal policy implementing and defining the procedures to be followed for the accrual and payment of said leave. In accord, see Morial v. Orleans Parish SchoolBoard, 332 So.2d 503 (La.App. 4th Cir. 1976), Writ Refused.
Trusting this adequately responds to your inquiry, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: _________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/Rob3/bb
0350R
Mr. Thomas V. Gardner, Jr. Assistant City Attorney City of Monroe P.O. Box 123 Monroe, LA 71210-0123
Date Received: 05-25-94
Date Released:
ROBERT E. HARROUN, III ASST. ATTORNEY GENERAL