Dear Mr. Deano:
On behalf of Fire Protection District No. 4 of St. Tammany Parish, you have requested an opinion of this office regarding the constitutionality of the District's "Sick Leave Incentive Program", pursuant to which employees of the District are paid up to $400 per year for using little or no sick leave. It is our understanding that the program has been in existence since 1990. In connection with the program, your letter states:
 "Since its inception, the incentive program has dramatically improved overall attendance. Each year since its implementation, not more than four employees have used sick time, that is 90% of the department has perfect attendance in a given year. The average per-year sick leave days per person has dropped from three to zero. The average estimated savings of public funds is $35,000 per year . . . The program also seems to be a wise expenditure of public funds in light of the fact that LSA-R.S. 33:1995 allows 52 weeks of sick leave.
 "The incentive program is applied to all employees. In addition to cost savings, the department is better able to structure and anticipate overtime needs and plan for consistent staffing and continuity. Thus, the program serves an important public purpose in both overtime cost savings and staff dependability in the district, and the value of public benefit received far outweighs the funds expended.
 "The question was raised recently, and we request your opinion, as to whether the Sick Leave Incentive Plan described above is constitutional under the provisions of Article VII, Section 14
of the Louisiana Constitution (1974)."
As you are no doubt aware, Art. VII, Sec. 14 prohibits governmental entities such as the District from loaning, pledging or donating "funds, credit, property, or things of value" to any person. Clearly, what needs to be addressed with regard to the Sick Leave Incentive Program is whether the payments made under the program are donations.
A donation is a gratuitous disposition of property. La. C. C. Art. 1467. Webster's II New Riverside University Dictionary (1984, 1988) defines gratuitous as: `given without recompense or return: unearned.' As your letter indicates, payments made pursuant to the program are not gratuitous, they are earned, and the program provides a financial return to the District.
It is noteworthy that this office has previously determined that a political subdivision can combat absenteeism by paying its employees for their unused and accrued vacation and sick leave both before separation from service and upon separation from service, as long as a formal policy regarding same is established. Atty. Gen. Ops. Nos. 94-284, 80-981, 77-1020. We see no legal distinction between a situation in which employees are paid the equivalent of their salary for their sick leave and a situation in which employees receive, pursuant to a formally adopted policy, a lump sum payment in lieu of sick leave.
We also direct your attention to Morial v. Orleans Parish SchoolBoard, 332 So.2d 503, (La.App. 4th Cir, 1976), writ denied,337 So.2d 530 (1976), which upheld the constitutionality of a statutory formula for determining the amount to be paid a teacher who is absent in excess of her accumulated sick leave days, and stated that the financial benefit created thereby was "earned by virtue of the employment itself"; and City of Port Allen v.Louisiana Municipal Risk Agency, Inc., 439 So.2d 399 (La. 1983), which upheld the Morial decision and stated, in footnote 6, that even though the plaintiff Morial received pay for a period in excess of her sick leave, "this was still `earned' compensation, not a gratuity".
Please be advised that it is the opinion of this office that the District's Sick Leave Incentive Program is constitutional, and does not violate La. Const. Art. VII, Sec. 14, for the reason that payments made pursuant to the program are not donations in either the vernacular or the constitutional sense of the word. Rather, payments made in accordance with the program are more properly characterized as additional compensation, or an earned benefit of employment.
We trust the foregoing to be of assistance. Please do not hesitate to contact us if we can be of assistance in the future.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv