Dear Mr. Perez:
Reference is made to your recent request for an Attorney General's opinion on behalf of the Department of Health and Hospitals ("DHH"). According to your correspondence, DHH desires to implement a recognition and rewards program for its employees, in accordance with Civil Service Rule 6.16.1.
As you are aware, La. Const. Art. X, Sec. 10(A) vests the State Civil Service Commission (the "Commission") with "broad and general rulemaking" authority "for the administration of the classified civil service, including the power to adopt rules for regulating compensation and disbursements to employees, and other personnel matters and transactions and generally to accomplish the objectives and purposes of the merit system of civil service." Civil Service Rule 6.16.1, adopted pursuant to the authority vested in the Commission by Art X, Sec. 10(A), allows an appointing authority to implement a program of recognition and rewards for its employees, including monetary awards.
On behalf of DHH, you question whether such a program is constitutional, in light of La. Const. Art. VII, Sec. 14(A), which prohibits the donation of public funds, credit, property or things of value by the state to or for any person, association, or corporation. You also point out that this office has previously rendered opinions to the effect that monetary awards to employees are prohibited by Art. VII, Sec. 14(A), although the awarding of certificates and pins of modest value that identify the employee's association with the State of Louisiana are permissible.
It is the opinion of this office that the Civil Service Commission is vested with broad rulemaking authority, as well as essentially exclusive authority to regulate the compensation provided to the classified service; of course, the Commission must also respect the limitations of Art. VII, Sec. 14. The Commission does not have the power to authorize appointing authorities to violate Art. VII, Sec. 14. However, it is also our opinion that a constitutionally sanctioned recognition and rewards program, that does not violate Art. VII, Sec. 14 can be implemented by appointing authorities in accordance with Civil Service Rule 6.16.1.
Art. VII, Sec. 14 does not prohibit earned increases in compensation, or earned supplemental compensation, unless such supplemental compensation is specifically prohibited by law. In accord: Attorney General's Opinion Nos. 95-323, 95-165A, 94-241. Of course, the payment of gratuitous unearned payments to public employees is prohibited, as such payments are tantamount to donations. See: Attorney General's Opinion Nos. 92-295, 92-282, 89-190, 88-344, 86-639, 83-940A, 81-1329 and 80-806.
This office has recognized as constitutionally permissible incentive pay plans which promise additional but reasonable future compensation for future performance by a public employee which is of demonstrable public benefit. To meet constitutional requirements, such incentive programs must be legally and formally adopted by the agency, board or commission, and must advise what the employee must do or accomplish in the future in order to be considered for additional compensation such as a reward or recognition. Attorney General's Op. No. 97-190. Additionally, the amount of the award or pay must be reasonable in relation to the nature of the employee performance and the public benefit realized. Attorney General's Op. No. 90-128.
The determination as to whether a payment of money is a donation or earned compensation is actually a factual determination. Attorney General's Op. No. 92-198; State v.Davis, 539 So.2d 803 (La.App. 3rd Cir. 1989), Writ denied. The constitutionality of a particular payment to a public employee is determined by whether the payment is made out of a motive of beneficence solely to enrich the employee or whether the payment is deserved and made as reasonable recompense for valuable performance or service for which the employee is not otherwise adequately compensated. Attorney General's Opinion Nos. 97-190 and 95-323.
It is beyond the purview of the Attorney General's Office to determine the reasonableness of the particular awards referred to in DHH's proposed Recognition and Rewards Policy as we are not in a position to determine the value of the corresponding benefits that will be received by DHH. Please be advised, however, that it is our opinion that a properly administered rewards and recognition program established pursuant to the provisions of Civil Service Rule 6.16.1 is constitutional and does not violate La. Const. Art. VII, Sec. 14.
As long as the appointing authority is confident that the payments or rewards made pursuant to such a program are reasonable with regard to the value of the benefit received by the agency, then such payments should not be considered to be donations in either the vernacular or constitutional sense of the word. Rather, rewards made in accordance with such a program are more properly characterized as additional compensation, or an earned benefit of employment.
We find support for the position taken herein in Morial v.Orleans Parish School Board, 332 So.2d 503 (La.App. 4th Cir. 1976), writ denied, 337 So.2d 530 (1976), which upheld the constitutionality of a statutory formula for determining the amount to be paid a teacher who is absent in excess of her accumulated sick leave days, and stated that the financial benefit created thereby was "earned by virtue of the employment itself"; and City of Port Allen v. Louisiana Municipal RiskAgency, Inc., 439 So.2d 299 (La. 1983), which upheld theMorial decision and stated, in footnote 6, that even thought the plaintiff Morial received pay for a period in excess of her sick leave, "this was still `earned' compensation, not a gratuity."
We trust the foregoing to be of assistance. Please do not hesitate to contact us if we can assist you in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: JEANNE-MARIE ZERINGUE BARHAM 
Assistant Attorney General
RPI:JMZB:jv
cc: Robert Boland