Dear Mr. Lancaster:
I am in receipt of your request for an Attorney General's opinion on behalf of the Madison Parish School Board wherein you seek an opinion concerning the following:
 1) Whether or not a school board must accept the transfer of accrued sick leave from one system to another prior to the effective date of Act 580 of 1988?
 2) Whether or not such employee can transfer some of those sick leave days from his account to the account of another employee under the above recited circumstances?
 3) Whether or not the school system is then required to report the donation of sick leave on a W-2, or other form required by the Internal Revenue Service?
LSA-R.S. 17:1201(A)(3) provides the following concerning the transfer of sick leave:
 All sick leave accumulated by each member of the teaching staff pursuant to the provisions of this Subsection shall be vested in the member of the teaching staff by whom such leave has been accumulated. In the event of the transfer of such member of the teaching staff from one city or parish public school system to another in this state, or upon the return of such member of the teaching staff to the same school system within five years or such longer period of time as may be approved by the governing authority of the school system to which the member of the teaching staff returned, regardless of the dates on which the leave was accumulated or the date of the transfer or return of the member of the teaching staff, such vested leave shall be transferred or returned to or continued by the school system to which he transfers or returns and shall be retained to the credit of such member of the teaching staff. When any member of the teaching staff uses accrued sick leave which has been transferred from one public school system to another, the sick leave which has been transferred from one public school system to another, the sick leave used shall be assessed against the most recent sick leave earned and accrued and successively from sick leave accrued last to sick leave accrued first.
In Attorney General Opinion No. 91-187(A), our office was asked whether the provisions of LSA-R.S. 17:1201(A)(3) are retroactive insofar as it provides for transfer of sick leave by a teacher transferring from one school system to another. As discussed in 91-187(A), Act 580 of 1988 added to LSA-R.S.17:1201(A)(3) which allowed for transfer of sick leave for a teacher transferring from one school system to another that the sick leave shall be transferred "regardless of the dates which the leave was accumulated or the date of the transfer of the teacher."
Prior to the enactment of Act 580, our office concluded in Attorney General Opinion No. 87-463, that Act 279 of 1986 amended LSA-R.S. 17:1201 to provide that all sick leave accumulated by a teacher to be transferred to the new school system would not be applied retroactively. However, in Opinion 91-187(A), our office opined that Act 580 of 1988:
 . . . clearly reflects the legislative intent that all accumulated sick leave be transferred, not just that acquired after 1986 to the date of the transfer as previously concluded by this office. Such interpretation is consistent with the rule that an amended statute must be substituted for the old as if it had been originally enacted as it reads after the amendment. But more importantly, the drafters of the act stated at the Education Committee hearing of May 11, 1988 that the 1986 Act was intended to allow all accumulated sick leave be transferred, and the 1988 amendment was to correct this office's conclusion to the contrary.
Our office considered whether the constitutional prohibition against a statute impairing contractual obligations applied to the present situation since it appears that giving the amendment a retroactive effect would place an obligation upon some of the school systems beyond that contracted for at the time of hiring the teacher into the new system. Our office stated that while the amendment places an additional burden on some school boards for contracts already entered, the Louisiana Supreme Court has stated, "[T]he provisions of our Constitution relating to the impairment of the obligations of contract only apply to contract or vested rights of individuals or private corporations. They do not apply to municipal corporations for the reason that they are entirely subject to legislative will." Olivedell Planting Co. v.Town of Lake Providence, 217 La. 621, 47 So.2d 23 (1950). Our office concluded that the effect the amendment has on the contractual burden of some schools will not render the statute unconstitutional.
In your opinion request, you have indicated that the Madison Parish School Board does not have a written policy pertaining to the transfer of accumulated sick leave from one employee to another. Since LSA-R.S. 17:1201(A)(3) specifically states that sick leave shall be transferred "regardless of the dates which the leave was accumulated or the date of the transfer of the teacher," it does not matter whether the Madison Parish School Board policy allows for such transfers of sick leave.
In your second question, you ask whether or not such employer can transfer some of those sick leave days from his account to the account of another employee under the above related circumstances. In Attorney General Opinion No. 94-509, our office opined the following:
 . . . this office is of the opinion that a parish school board in its discretion may adopt rules or regulations to permit a teacher to give some or all of his accrued sick leave days to another school board employee.
Therefore, in answer to your second question, an employee can transfer some of those sick leave days from his account to the account of another employee under the above recited circumstances provided the Madison Parish School Board policy allows for such transfer.
Although your third question seeks a response only if questions 1 and 2 are in the affirmative, our office would like to note the following from Attorney General Opinion No. 91-187(A):
 Nor do we find that allowing teachers to transfer accumulated sick leave to a new system will violate the prohibition against donation of public funds under Art. 7, Sec. 14 of La. Const. of 1974. R.S. 17:1201(A)(3) declares all sick leave accumulated by each member "shall be vested in the member of the teaching staff by whom such leave has been accumulated". And the court has said that pay for sick leave is not a gift in violation of the constitution as pay for a day not worked but is a legislatively created benefit earned by virtue of the employment itself. Morial v. Orleans Parish School Board, 332 So.2d 503 (La.App 1976).
Please consult your certified public accountant to address this issue.
I hope this opinion sufficiency addresses your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: Beth Conrad Langston Assistant Attorney General
RPI/BCL/sc
99-289.op