Dear Mayor Jacobs:
This office is in receipt of your request for an opinion of the Attorney General in regard to payment to an employee for maternity leave. You indicate in 1999 an employee was granted six weeks paid sick leave, and on May 28, 2002 paid maternity leave was granted to another employee. While your City Attorney has stated that giving paid maternity leave is within the discretion of the City Council, the Legislative Auditor's Office says it cannot be done. Accordingly, the Commissioner of Finance, the Finance Director, and you seek an opinion on the following question:
 Can a City like Donaldsonville, governed by a Home Rule Charter, pay an employee for maternity leave?
In Atty. Gen. Op. 90-358 this office stated, "There is no general law regulating the entitlement of municipal employees to payment for annual leave, sick leave, or severance pay. All powers of the City of Lafayette, including the expenditure of public funds, are vested in the City Council unless otherwise provided by law or the City Charter. * * * The exercise of the power to provide for the compensation of unclassified employees upon termination or resignation must conform to all requirements imposed by the Louisiana Constitution." Thereafter, this office observed while the constitution prohibits gratuitous donation of public funds or services provided in the course of employment, it concluded, "The employee benefits of annual leave, sick leave, and a reasonable severance pay in this context are not considered donations to the extent they are fulfillments of implied or express conditions of the employment contract." It was further noted that such benefits must be reasonable and some congruity with the nature of the services rendered and some uniformity with the type of benefits accorded other employees. It was then concluded as follows:
 Within these constitutional constraints, the Lafayette City Council has legislative discretion to authorize by ordinance a regime of annual and sick leave benefits for public employees, and to further provide for the amount of accrued annual and sick leave benefits, and/or severance pay to be compensations upon termination or resignation.
Similarly, in Atty. Gen. Op. 94-336 this office again declared while the constitution prohibits the gratuitous donation of public funds, it does not prohibit the lawfully authorized payment of compensation for labor or service provided in the course of employment, and the employee benefits of annual leave, sick leave, and severance pay in this context are not considered donations to the extent they are fulfillments of implied or expressed conditions of the employment contract. Making reference to Atty. Gen. Op. No. 90-358, it was related that it was observed "there must be some congruity with the nature of the services rendered and some uniformity with the same type of benefits accorded other employees."
In Atty. Gen. Op. 94-284 this office responded to a request as to the legal propriety of the City of Monroe paying its employees, except for those under fire and police civil service, for accrued sick leave prior to their separation from employment. It was pointed out in an effort to discourage absenteeism, the City adopted a policy providing for a certain amount of accrued sick leave. This office stated as follows:
 It is, therefore, the opinion of this office that the City of Monroe may implement a formal policy providing for the payment to its employees of accrued sick leave during the employment period. As previously noted, the City has apparently adopted, by ordinance, a formal policy implementing and defining the procedures to be followed for the accrual and payment of said leave. In accord, see Morial v. Orleans Parish School Board, 332 So.2d 503 (LA.App. 4 Cir. 1976), Writ refused.
Therefore, in response to your inquiry whether the City of Donaldsonville, may pay an employee for maternity leave, we would answer it may when the City has adopted a policy with some congruity with the nature of the services rendered and some uniformity with the same type of benefits accorded other employees. The Donaldsonville Code, Article V, Personnel Rules and Procedures, § 36, Sick Leave, § 40, Personal Leave, and § 44, Absence for Maternity Purposes, are pertinent and these provisions would govern the payment of any maternity leave.
Section 36. Sick Leave sets forth as follows:
 All full-time City employees shall earn Sick Leave at the rate of one day of sick leave for each month of time worked, not to exceed more than ten days earned in one year. If this sick leave is not used in one calender year, it may be accumulated and carried over to succeeding year or years. However, at age of retirement, or at the time of termination, this time shall not be considered as time earned and employees shall not be compensated for unused sick leave.
 An employee who has taken sick leave shall advise his supervisor of the cause of his absence and he may be required to furnish a statement from a registered physician or some other acceptable proof that he was ill and unable to report for work. In the event of an illness which extends beyond the earned sick leave of an employee, the Council shall have authority to extend the paid sick leave.
Section 44. provides the following:
§ 44. Absence for maternity purposes.
 (a) Sick leave, annual leave and leave without pay may be granted for maternity purposes; however, absence without pay shall be granted by the council upon receipt of a written statement by the employee that he/she intends to return to work within a reasonable time after childbirth.
 (b) Unless the employee on leave has informed the city that he/she does not intend to return to work, his/her job must be held open for him/her return on the same basis as jobs held open for employees on sick or disability leave for other reasons.
Clearly the city can pay an employee for maternity leave by using sick leave and annual leave, and the Code of Ordinances does provide "the Council shall have authority to extend the paid sick leave" for an illness which extends beyond the earned sick leave. However, this would appear to be inconsistent with the prior conclusion of this office that there must be some congruity and uniformity with the same type of benefits accorded other employees. We would repeat the statement in Atty. Gen. Op. 90-358:
 La. Const. Art. VII, § 14 (1974) prohibits the gratuitous donation of public funds, but does not prohibit the lawfully authorized payment of compensation for labor or services provided in the course of employment. The employee benefits of annual leave, sick leave, and a reasonable severance pay in this context are not considered donations to the extent they are fulfillments of implied or express conditions of the employment contract. However, to serve a public purpose and provide a public benefit such benefits must be reasonable. There must be some congruity with the nature of the services rendered and some uniformity with the same type of benefits accorded other employees. (Emphasis added.)
Accordingly, we find by having payment for maternity leave include sick leave for which payments can be extended beyond accrued sick leave at the discretion of the Council rather than leave without pay fails to establish a uniformity in benefits that is necessary in order to avoid the payments being donations in violation of the Constitution which prohibits loan, pledge or donations of public funds.
We find the City of Donaldsonville can pay an employee for maternity leave by use of annual leave and accrued sick leave, but any maternity leave beyond that would have to be without pay as would sick leave taken beyond the sick leave accrued, and cannot be assigned at the discretion of the Council.
We hope this sufficiently answers your inquiry.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _______________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date Released: August 6, 2002