Dear Sheriff Layrisson:
Reference is made to your request for an Attorney General's Opinion regarding your office's disability salary plan. It is our understanding that you have instituted the disability salary plan in order to compensate injured deputy sheriffs, who would otherwise be uncompensated, as by law, they are excluded from worker's compensation coverage. LSA-R.S. 23:1034. Ms. Sissy Daigle, of your office has forwarded to us a copy of your "POLICY AND PROCEDURE" for "Job RelatedInjury" (the "Injury Policy"), a copy of which is attached hereto for reference.
Implicitly, your inquiry must be addressed in light of La. Const. (1974) Art. VII, Sec. 14, which generally prohibits governmental entities such as Sheriff's offices from loaning, pledging or donating "funds, credit, property, or things of value" to or for any person. In this regard, what needs to be addressed with respect to the Injury Policy is whether the payments made under the policy are donations.
The office has written a number of opinions pertaining to employee compensation, and we have consistently opined that the payment of gratuitous, unearned payments to public employees is prohibited, as same would be tantamount to a donation. See: Attorney General's Opinions Nos. 92-295, 92-282, 89-190, 88-344, 86-639, 83-940A, 81-1329, and 80-806. We note that various attempts to disguise constitutionally prohibited extra compensation for past services rendered and recompensed in the listed opinions were found to be constitutionally infirm.
On the other hand, this office does not consider Article VII, Section 14 to prohibit earned increases in compensation, or earned supplemental compensation, unless such supplemental compensation is specifically prohibited by law. Attorney General's Opinions Nos. 99-137, 97-190, 94-241. In our opinion, whether a payment of money is a donation or earned compensation, is really a factual determination. We find support for this position in State v. Davis, 359 So.2d 803 (La.App. 3rd Cir. 1989), Writ Denied 541 So.2d 840. Therein, the Court held:
 "We are presented with a factual determination: were the two payments . . . which defendant paid to himself extra compensation for past services rendered . . . or . . . salaries for services rendered but for which no salary was drawn when services were rendered?"
Essentially, in accordance with the above cited opinions and the Davis case, the constitutionality of a particular payment to a public employee is determined by whether the payment is made out of a motive of beneficence solely to enrich the employee or whether the payment is deserved, and made as reasonable recompense for valuable performance or service for which the employee is not otherwise adequately compensated. Attorney General's Opinion Nos. 97-190 and 95-323, 94-241.
We also direct your attention to Morial v. Orleans Parish School Board,332 So.2d 503, (La.App. 4th Cir, 1976), writ denied, 337 So.2d 530
(1976), which upheld the constitutionality of a statutory formula for determining the amount to be paid a teacher who is absent in excess of her accumulated sick leave days, and stated that the financial benefit created thereby was "earned by virtue of the employment itself"; and Cityof Port Allen v. Louisiana Municipal Risk Agency, Inc., 439 So.2d 399
(La. 1983), which upheld the Morial decision and stated, in footnote 6, that even though the plaintiff Morial received pay for a period in excess of her sick leave, "this was still `earned' compensation, not a gratuity".
Please be advised that it is the opinion of this office that your office's Injury Policy, for the compensation of deputy sheriffs injured on the job, is constitutional and does not violate La. Const. Art. VII, Sec. 14, for the reason that payments made pursuant to the Injury Policy are not donations. Rather, payments made in accordance with the policy are more properly characterized as additional compensation, or an earned benefit of employment.
We trust the foregoing to be of assistance. Please do not hesitate to contact us if we can be of assistance in the future.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: _____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dam
POLICY AND PROCEDURE
Job Related Injury
As of April 1, 2003, Tangipahoa Parish Sheriff's Office policy on a job related injury is as follows:
After depletion of an employee's sick, vacation and K-time, TPSO will pay employees at two-thirds (2/3) of their salary, for the same period as workman's compensation insurance would have covered.
During this time, TPSO will assit the employee with their application for disability benefits, as per doctor recommendation.
Once released by physician, the employee must return to work.
___________________________ J.Edward Layrisson, Sheriff March 27, 2003