Dear Mr. Harris:
This office is in receipt of your request for an Attorney General's opinion, on behalf of the City of Denham Springs, regarding a proposal to establish individual Flexible Medical Spending Account plans, qualified by the Internal Revenue Service, for the benefit of the City's employees.
It is our understanding that the City's insurance agent has proposed the plan as a means to help employees defray the cost of their insurance deductibles and uninsured medical expenses. Under the proposed plan, employees would be able to fund medical savings accounts on a monthly basis with pre-tax dollars, and would be able to draw from their accounts to cover medical expenses that are not covered by insurance. As required by federal law, we assume that any amount that is unused by an employee by the end of the year will be lost to the employee and remain the property of the employer, the City of Denham Springs. Also as required by federal law, the City of Denham Springs will be required to fund the entire amount of an employee's expected annual contributions at any time during the year, even prior to the employee having fully funded the account, if necessary in order to cover an employee's eligible medical expenses.
According to your correspondence, you are concerned that the requirement that the City advance in full an entire annual amount equal to the employee's contribution toward the family medical savings plan prior to the employee's full contribution of that amount to his own family medical savings account could violate the provisions of La. Const. Art.VII, Sec. 14(A). As you are clearly aware, La. Const. Art. VII, Sec.14(A) generally prohibits the loan or donation of public funds, credit, property or things of value by the state and its political subdivisions to or for any person, association, or corporation.
It has long been the opinion of this office that Art. VII, Sec. 14 does not prohibit earned increases in compensation or earned supplemental compensation, unless such supplemental compensation is specifically prohibited by law. Attorney General's Opinion Nos. 95-323, 95-165A, 94-241. Similarly, this office has determined that other earned benefits of public employment, including sick leave incentive programs, rewards and recognition programs, and employee discounts, are in the nature of earned compensation and therefore constitutional. Attorney General's Opinions Nos. 97-254, 99-137, 94-72. Of course, the payment of gratuitous unearned payments to public employees is prohibited; as such payments are tantamount to donations. Attorney General's Opinion Nos. 92-295, 92-282, 89-190, 88-344, 86-639, 83-940A, 81-1329 and 80-806.
The determination as to whether a payment of money by a public employer to or on behalf of a public employee is earned compensation is actually a factual determination. Attorney General's Op. No. 92-198; State v.Davis, 539 So.2d 803 (La.App. 3rd Cir. 1989), Writ denied. The constitutionality of a particular payment to a public employee is determined by whether the payment is made out of a motive of beneficence solely to enrich the employee or whether the payment is deserved and made as reasonable recompense for valuable performance or service for which the employee is not otherwise adequately compensated. Attorney General's Opinion Nos. 97-190 and 95-323.
In our opinion, payments made to an employee pursuant to a properly adopted Flexible Medical Spending Account plan, as authorized by the Internal Revenue Service, should not be considered to be loans or donations in either the vernacular or constitutional sense of the words. Rather, payments made in accordance with such plans are more properly characterized as an earned benefit of employment. In accord: Attorney General's Opinion No. 01-75. See also: Attorney General's Opinion No. 87-245.
We find support for the position taken herein in Morial v. OrleansParish School Board, 332 So.2d 503 (La.App. 4th Cir. 1976), writ denied,337 So.2d 530 (1976), which upheld the constitutionality of a statutory formula for determining the amount to be paid a teacher who is absent in excess of her accumulated sick leave days, and stated that the financial benefit created thereby was "earned by virtue of the employment itself"; and City of Port Allen v. Louisiana Municipal Risk Agency, Inc.,439 So.2d 299 (La. 1983), which upheld the Morial decision and stated, in footnote 6, that even thought the plaintiff Morial received pay for a period in excess of her sick leave, "this was still `earned' compensation, not a gratuity".
We trust the foregoing to be of assistance. Please do not hesitate to contact us if we can assist you in other areas of the law.
 Yours very truly, CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _/S/___________________ JEANNE-MARIE ZERINGUE BARHAM ASSISTANT ATTORNEY GENERAL