Dear Mr. Layrisson:
You have asked this office to render an opinion as to whether the current and/or former sick leave policies of the Board for the Consolidated Gravity Drainage District #1 of Tangipahoa Parish ("Drainage District"), as they relate to the issue of advancement of sick leave benefits, are legal under Louisiana law.
The Drainage District of Tangipahoa Parish is a political subdivision of this state and, in accordance with La.R.S. 38:1841 et seq., was created by the Tangipahoa Parish Police Jury as authorized by Act 19 of the 1950 Extraordinary Session of the Louisiana Legislature.[1]
You have provided this office with a copy of Ordinance No. 51-6 of the Tangipahoa Parish Police Jury, which ordinance sets forth that the parish police jury ex officio constitutes the board of commissioners of the Drainage District. The Drainage District has the power to open and maintain all natural drains in the district, to cut and open new drains, to improve and repair and open existing drains and such other work of drainage as it may deem necessary. The ordinance also sets forth that the board of *Page 2 
commissioners of the Drainage District has the full power and authority to incur debt and issue negotiable interest bearing coupon bonds for the purpose of constructing gravity drainage works. Further, the ordinance provides that the board of commissioners has "full power and authority to do any and all things necessary and incidental to the carrying out of the purposes of said District." Included within its general powers and authority would be the authority to hire employees to carry out its purpose.
You report that the Drainage District employs approximately twenty (20) employees, including an administrator, office staff, and maintenance employees to carry out its purpose of maintaining approximately three hundred fifty (350) miles of drainage canals within the district. You also report that the Drainage District has established policies and procedures as it relates to the personnel it employs. These policies and procedures include a sick leave policy that defines sick leave, provides the rate at which an employee accrues sick leave, provides for the usage of vested sick leave, and provides for the advancement of sick leave under certain circumstances.
This office has opined in the past that sick leave, in general, is an earned benefit that is part of an employment contract and is a vested right. Its purpose is to provide time off with pay while employed and as established by office policy.La. Op. Atty. Gen. No. 92-121. When an employer promises a benefit to employees, and employees accept by their actions in meeting the conditions, the result is not a mere gratuity or illusory promise but a vested right in the employee to the promised benefit. Bouillion v City of New Iberia, 95-120 (La. App. 3 Cir. 5/31/95), 657 So.2d 397. Accrued sick benefits are classified as "wages" when looked at for purposes of labor and workers' compensation claims in Louisiana. See Boyd vGynecologic Associates of Jefferson Parish, Inc., 08-1263 (La. App. 5 Cir. 5/26/09), 15 So. 3d 268
The current advancement of sick leave policy was adopted by the Drainage District's Board in 2010, and provides as follows:
 The Board may authorize sick leave, in advance of earning said leave, to full-time regular employees due to medical and health conditions involving hospitalization and/or physician directed rehabilitation involving a serious illness/injury to the employee or their immediate family. This leave will not exceed eighty (80) hours in any two (2) year calendar period. For the purpose of this policy, a serious illness/injury is defined as a condition which requires extensive medical treatment and/or prevents the employee from performing work for the District. This leave benefit does not cover *Page 3 
injury that otherwise would be covered by Workers' Compensation, or injury resulting from self-inflicted trauma such as brought on by a suicide attempt. It also does not cover elective surgery.
 This advanced sick leave must be repaid from future earned sick and/or annual leave hours within ten (10) months at the rate of eight (8) hours per month. If the employee resigns or is terminated prior to repaying the District, a dollar amount equal to the employee's hourly rate times the number of unpaid advanced sick leave hours shall be withheld from the employee's final check.
 Only full time employees who have completed their Probationary Period are eligible for this benefit. All regularly accrued sick leave and vacation leave must first be exhausted before this benefit may be applied for by eligible employees.
 Approval for use of such advanced sick leave benefit must be approved by a vote of the Board following a recommendation for consideration submitted by the Administrator. A copy of the employee's leave history shall accompany the recommendation. The employee shall provide a written statement from a certified physician documenting his condition which would warrant consideration of the application of this benefit. The employee must also provide a certified physician written statement at the end of his leave from work that releases him to return to work.
The payment of wages to the Drainage District employees, including sick leave benefits, is presumably an expenditure of public funds.La.Const. art. VI, § 44(2); Tangipahoa Parish Police Jury, La.,Ordin. 51-6 (June 12, 1951). Questions related to the expenditure of public funds are examined in light of Article VII, § 14 of the Louisiana Constitution of 1974. La.Const. art. VII, § 14 seeks to prevent the gratuitous alienation of public funds and property and provides, in pertinent part, as follows:
 Section 14(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. . . . *Page 4 
In Board of Directors of the Industrial Development Board of theCity of Gonzales, Louisiana, Inc. v. All Taxpayers, Property Owners,Citizens of the City of Gonzales, et al., 2005-2298 (La. 9/6/06),938 So.2d 11 (the "Cabela's" case), the Louisiana Supreme Court abandoned its prior analysis, which was set forth in City of PortAllen. v. Louisiana Mun. Risk Mgmt. Agency, Inc.,439 So.2d 399 (La. 1983), and articulated a new standard of review governing La.Const. art. VII, § 14(A). The new standard provides that La.Const. art. VII, § 14(A) "is violated when public funds or property are gratuitously alienated." Cabela's,938 So.2d at 20.
In light of the Cabela's case, it is the opinion of this office that, in order for an expenditure or transfer of public funds to be permissible under Art. VII, § 14(A), the public entity must have the legal authority to make the expenditure and must show: (i) a public purpose for the expenditure or transfer that comports with the governmental purpose for which the public entity has legal authority to pursue; (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and (iii) that the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds. The Cabela's
standard places a strong emphasis on the reciprocal obligations between the parties to ensure that there is not a gratuitous donation of public funds. See La. Op. Atty. Gen. No. 09-0302.
When applying the Cabela's test to the expenditures contemplated in the advancement of leave provisions in the Drainage District's current sick leave policy, we must answer the following questions:
 • Are the expenditures incurred to achieve a public purpose which the Drainage District has the legal authority to pursue?
 • Is the Drainage District's advancement of leave provisions within the sick leave policy gratuitous?
 • Will the Drainage District have a demonstrable, objective, and reasonable expectation of receiving equivalent value in exchange for the expenditures resulting from employee usage of the advancement of leave provisions within the sick leave policy?
We address your questions in light of the law discussed above. The board of commissioners of the Drainage District has "full power and authority to do any and all things necessary and incidental to the carrying out of the purposes of said District." Therefore, the Drainage District has the legal authority to employ personnel and pay their wages to perform the services necessary and incidental to carryout the purposes of its existence — to open and maintain all natural drains in the district — and to establish policies related to the personnel it is empowered *Page 5 
to employ, including sick leave policies. The paying of wages, including sick leave benefits, allows for the retention of Drainage District employees and is a public purpose.
As to whether the Drainage District's advancement of sick leave policy is gratuitous, sick leave benefits, including advancement of leave benefits, may not be a gift, but, rather a benefit earned by virtue of the employment itself. See Morial v Orleans ParishSchool Bd., 332 So.2d 503 (La. App. 4 Cir. May 18, 1976).[2]
The Drainage District's advancement of sick leave policy sets forth eligibility requirements that must be met before approval by the Board. Only a limited amount of sick leave may be advanced during a specified time period; the sick leave advanced must be repaid within a specified period of time and at a specified rate. If the employee resigns or is terminated, an equivalent amount of money is withheld from the employee's final pay. Therefore, the Drainage District's advancement of sick leave policy, as a whole, does not appear to be gratuitous.
The third Cabella criteria is a fact-based question. Therefore, the issue of whether the advancement of sick leave policy has a demonstrable, objective, and reasonable expectation of receiving equivalent value in exchange for the expenditure must be examined in light of specific facts. As stated previously, the policy of the Board establishes a fixed and limited amount of sick leave that can be advanced and establishes a fixed and reasonable payback feature. The policy also provides for repayment even in the event the employee leaves or is terminated from the Drainage District before repayment is completed. Therefore, it appears as though the Drainage District's policy demonstrates a reasonable expectation of receiving equivalent value in exchange for the expenditure, even if the employee is terminated before the employee repays the advanced leave.
Therefore, it is the opinion of this office that the Drainage District's limited advancement of sick leave provisions in its current sick leave policy do not appear to violate the prohibited donation provisions of La.Const. Art. VII, § 14. *Page 6 
Because it is the opinion of this office that the advancement of sick leave provisions in the current sick leave policy do not appear to violate La.Const. art. VII, § 14, this office finds it unnecessary to render an opinion on the board's former sick leave policy.
We trust that this adequately responds to your request. If you have any questions please do not hesitate to contact us.
With kindest regards, I remain
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ SONIA MALLETT Assistant Attorney General
 JDC:SM:jv
[1] The Tangipahoa Parish Police Jury passed Ordinance No. 51-6 at its June 12, 1951 meeting creating the Consolidating Gravity Drainage District No. 1 of the Parish of Tangipahoa. As of October 27, 1986, the Parish of Tangipahoa is governed by home rule charter with the Drainage District being classified as a special district of the parish. The home rule charter provides that previously established special districts shall continue to exist to effectuate the purpose for which they were created.Charter of Tangipahoa Parish, Article VIII, Sec 8-02. The charter also provided the council with general power over special districts, such as the Drainage District, as well as the ability to consolidate and merge into itself any special district.Id. at Art. VII, Sec. 7-08. The Drainage District is codified within the Code of Ordinances of Tangipahoa Parish at Section 19-156 et seq. However, the parish council has not consolidated and merged the Drainage District into itself. Therefore, the Drainage District continues to operate as it did prior to the effective date of the home rule charter in accordance with Ordinance No. 51-6.
[2] In Morial, the Louisiana Fourth Circuit Court of Appeal, when addressing the application of La.R.S. 17:1201 and 17:1202 in light of La.Const. art. IV, § 12 (1921) (superseded 1974 by La.Const. art. VII, § 14(A)), held that the payment of extended sick leave, essentially payment of salary without corresponding work, did not constitute a gift from a state subdivision to a private person, but rather a legislatively created fringe benefit that is earned by virtue of employment itself. Morial v OrleansParish School Bd.,332 So.2d 503, 505 (La. App. 4 Cir. May 18, 1976).